(Decided 23d June, 1870.)

## John T. Gray *vs.* Samuel C. Veirs.

*Equity Practice—Article* 16, *section* 100 *of the Code—
Highest bidder.*

On a bill filed for the sale of certain lands for the payment of the purchase money, the defendant having failed to answer after appearance, an *ex-parte* commission was issued, and on the 23d of September, 1867, the commission and the proof taken thereunder were returned, and on the same day an order was passed setting down the case for final hearing at October Term; and on the 25th of October it was finally heard, and a decree passed for the sale of the land. HELD:

That the passage, on the day of the return of the commission, of the order setting down the case for final hearing, was not a violation of section 100 of Article 16 of the Code, which provides that "such cases may be set down for final hearing after thirty days from the return of the commission"—the limitation of time fixed by the Code applying not to the order setting down the case, but to the *final hearing.*

The "highest bidder" is one who makes the highest bid in *good faith* A trustee is not bound to accept every bid, and the Court will always sustain him in refusing bids which would manifestly frustrate the very object and purpose of a sale.

APPEAL from the Circuit Court for Montgomery County, in Equity.

The bill of complaint in this case filed on the 30th of March, 1867, by the appellee, sought to obtain a decree for the sale of certain lands for the payment of the purchase money due thereon by the appellant. On the 25th of October following, a decree was passed for the sale of the land. A sale was made to the appellee and reported by the trustee. The appellant filed exceptions to the sale, and after answer by the trustee and other proceedings, the Court, by consent of the purchaser, passed an order vacating the sale and directing the trustee to proceed to sell under the decree. On the 23d of July, 1868, the trustee reported that he had sold the land to the appellee, under the following circumstances: that the appellant produced at the sale a written authority from one William Hance, to him as his agent, to buy the land at $5,600; that the appellant did bid that amount, whereupon the appellee bid $25 per acre, making $5,900 for the land, and the appellant, as agent, bid one cent more per acre; but as this bid exceeded the amount the appellant, as agent for Hance, was authorized to bid, the trustee directed the auctioneer not to receive the bid, and after some time the land was struck off to the appellee for the sum bid by him. He also stated that the sale was an advantageous one — more than any other *bona fide* purchaser would have given, and more than the appellee would have given, except to secure his claim and close the case.

To this sale the appellant filed the following exceptions:

First. That the sale was not made to the highest bidder.

Second. Because the trustee rejected the highest bid, and returned as purchaser a person bidding a smaller sum.

Proof was taken, and on the 21st of January, 1869, the Court passed an order ratifying the sale.

From the decree of the 25th of October, 1867, for the sale of the land, and from the order of the 21st of January, 1869, ratifying the sale, the present appeal is taken.

The cause was argued before BARTOL, C. J., BRENT, MAULSBY and ALVEY, J.

*Samuel Tyler,* for the appellant.

*Thomas Anderson* and *William H. Tuck,* for the appellee.

BRENT, J., delivered the opinion of the Court.

The bill in this case was filed by the appellee in March, 1867, and prays for the sale of certain lands for the payment of the purchase money due thereon from the appellant to the appellee. At the following May term of the Court the appellant, having been returned summoned, entered his appearance by solicitor, but did not answer. At the next August term, the appellant still failing to answer, an interlocutory decree was passed, and a commission *ex parte* issued to take proof. On the 23d of September the commission and proof taken under it were returned, and on the same day an order was passed setting down the case for final hearing at October term, and on the 25th of October it was finally heard and a decree passed for the sale of the land.

From this decree an appeal has been taken, and two grounds of error are alleged by the appellant.

The first ground is, that the order setting down the case for final hearing, having been passed on the day of the return of the commission to take testimony, was in violation of section 100 of Art. 16 of the Code, which provides that " such cases may be set down for final hearing after thirty days from the return of the commission." We do not understand the language of this law as referring to the time of passing the order setting down the case. Its plain and obvious meaning and purpose are to prohibit a *final hearing* until after thirty days, and to that only the limitation of time, fixed by it, is to be applied. The mere order setting down the case was unimportant. It could as well have been passed on the very day of the final hearing. It concluded no rights, between the

parties, and imposed no additional restrictions upon the defendant, if he had desired to come in before final hearing and by answer or otherwise take such proceedings as might have been considered proper and necessary to protect his interest. The party defendant still had his thirty days in Court, in no manner affected by the order. The case in 12 *G. & J.*, 83, relied upon by the appellant, does not support his view. The decree in that case was reversed, not because the order setting down the case for hearing had been irregularly passed, but because the case was *finally heard,* and the decree signed before the time had expired in which the testimony was required to lie in Court. And so in this case, if the final hearing had taken place before the expiration of thirty days from the return of the commission, the decree would have been irregular and so held to be upon appeal. But as the final hearing was not had until after that period of time, we think the statute has been fully gratified.

The second ground of objection to the decree is, that the proof does not show that the appellee had procured, as he stipulated, in the agreement of sale filed as an exhibit with the bill, he would do, a good title to the land sold to the appellant. The outstanding title which he was to procure, was that of James M. and John M. Kilgour. It is conceded that the title of James M. had been conveyed by a deed in the ordinary form, but it is insisted there is no sufficient evidence of any transfer of that of John M. Kilgour. In this we do not concur. It is in proof that a bill was filed in equity to procure this title, that a trustee was appointed by a decree of the Court to convey it to the appellee, and that the trustee did accordingly so convey it by his deed of the 2d of January, 1865. It is true that the proceedings, which were had in equity for the appointment of a trustee to make the conveyance, are proved by parol and not by the production of the record,—but it is too late to object to this testimony upon the ground that it is *secondary.* That question is not before us upon this appeal. It involves the admissibility of the

evidence, and cannot be raised before this Court unless excepted to in the Court below. As there is no exception of the kind to be found in the record, we must consider the evidence as properly in the case, and give to it all the weight it deserves. The deed from the trustee to the appellee, Viers, must therefore be taken as sufficient to convey the title of John M. Kilgour—and this, with the title obtained from James M. Kilgour through the deed of the 7th of January, 1864, gave him the title to the land in question, which he had stipulated to procure by the terms of the agreement of sale filed as an exhibit with his bill of complaint. So far as the case is presented by the record, we discover no error or irregularity in the decree which was passed by the Court below.

The remaining question to be considered is the objection to the ratification of the sale, reported by the trustee, upon the ground that the trustee did not sell the property to the highest bidder. By the highest bidder must be understood a person who makes the highest bid in good faith. The trustee is not bound to accept every bid. He is necessarily clothed with a prudent and sound discretion, and the Court will always sustain him in refusing bids which would manifestly defeat and frustrate the very object and purpose of a sale. In the present case we think, from all the circumstances and proof, that the bid of the appellant was properly rejected. If he was claiming to have been acting as the agent of Hance when he made the bid of twenty-five dollars and one cent an acre, the trustee was right in rejecting it, because it exceeded the amount to which he was authorized to go by the very paper which he had exhibited as his authority. If on his own account, it was equally proper, as he was the delinquent purchaser for whose default the property had been decreed to be sold, and it was quite evident that his bid, instead of being made in good faith, was designed and intended to delay and harrass the appellee in the recovery of his debt. The views expressed by the Court below upon this point are in accor-

dance with our own, and there can be no doubt that the exception to the sale was properly overruled.

Both the decree and the order of final ratification of the Court below will be affirmed.

*Decree affirmed.*

*Order of ratification affirmed, and case remanded for further proceedings.*

(Decided 28th June, 1870.)