THE MARYLAND PERMANENT LAND AND BUILDING
SOCIETY OF BALTIMORE *vs.* RICHARD H. SMITH,
and WILLIAM J. CARROLL, trading as VICKERY &
CARROLL.

*Trustee's Sale—Sale not vitiated by an announcement at the sale
that a Cash deposit of a portion of the Cash payment would be
required of the Purchaser. Foreclosure of Mortgage—Affidavit
to Mortgage claim under Art. 4, sec. 783 of the Code of Public
Local Laws, and Act of 1864, ch. 124. How error in the
amount sworn to be due, may be availed of. How question of
Usury may be raised.*

Where by the terms of a decree for the sale of property under a mortgage,
a portion of the purchase money was to be paid in cash, an announce-
ment made by the auctioneer that a deposit of a specified part of the cash ·
payment, or an immediate payment thereof by the purchaser would be
required, is not such a departure from the terms of the decree as to prevent
the ratification of the sale.

If the sworn statement of the mortgage claim required by Art. 4, sec. 783 of
the Code of Public Local Laws, and the Act of 1864, ch. 124, is erroneous
in not showing the true balance due upon the mortgage, it is open to cor-
rection when the account may be stated by the auditor, but furnishes no
reason for setting aside the sale.

The objection that the terms of the mortgage are usurious can only arise upon
the statement of the final account by the auditor, and cannot be urged as an
objection to the sale.

APPEAL from the Circuit Court of Baltimore City.

The questions in this case arise upon exceptions to the
ratification of a sale made by a trustee· under a decree for
the foreclosure of a mortgage. The statement of the mort-
gage claim under Art. 4, sec. 783 of the Code of Public

Local Laws, and the Act of 1864, ch. 124, requiring "*a statement of the amount of said mortgage claim remaining due,*" was as follows:

"BALTIMORE, January 23rd, 1874.
"Richard Henry Smith,
        To the Maryland Permanent Land
            and Building Society of Baltimore,
To amt. advanced on ten shares of stock, re-
    deemed as per application and mortgage,
    dated 30th May, 1870, @ 400 (par
    value) per share. ............................ $4,000 00
                        CR.
May 22nd, 1873—Cash paid on acc............    766 16

        To balance ...........................  3,233 84
To 35 weeks arrears of premiums, @ 2.50..     87 50
 "  35 weeks interest, 4.62. ....................   161 70
 "  35   "     fines, 1.00 ........................    35 00

                                             3,518 04 "

And the affidavit of the secretary of the mortgagee annexed to the statement, sets forth "that the above account as stated, is correct and true, and that no portion of the money claimed as due by such account has been paid, and no security given for the payment thereof, except the mortgage therein mentioned, according to the best of his knowledge and belief."

The exceptions to the sale were as follows:

1. Because the mortgage in this case is not authorized by the Act of Incorporation of the plaintiff, passed 1868, chapter 83, Laws of Maryland, and the complainant has no right to have the same specifically enforced.

2. Because the weekly payment of $12 per week reserved in said mortgage, embraces bonus or premium per week of

$2.50, interest $4.62 per week, and on principal $4.88 per week, and such reservation is not only unauthorized by the charter of said company aforesaid, but is also usurious, both as to the interest and premium and bonus from the inception of said mortgage.

3. Because no proper and legally sufficient mortgage statement or claim of the amount remaining due under said mortgage as required by law, has been filed in this case.

4. Because the mortgagee's statement of the claim is not such as is required by law.

5. Because said statement only credits the mortgagor with $766.16, whereas, your exceptant avers he has paid to said complainant since said mortgage, and on account thereof, the sum of $1896.

6. Because upon a proper accounting under said mortgage, between the mortgagor and mortgagee, there is nothing due or owing by your exceptant to said complainant.

7. Because your exceptant prior to said sale, offered to the trustee, who is also the solicitor of the complainant to pay him $616, and all costs accrued in the cause of every sort to have the sale stopped, and he refused to accept the said tender, and stop said sale.

8. Because your exceptant was anxious to and could have redeemed said property, but complainant required your exceptant, in addition to what he had paid ($1896) to pay complainant the further sum of between $3700 and $3800, and costs of advertising, in order to release·the property from said mortgage, whereby, exceptant was prevented from redeeming said property by the extortionate charges of the complainant.

9. Because your respondent is still ready and willing to redeem said property as soon as a proper account can be stated under said mortgage of the true amount due thereunder.

10. Because your respondent's offer to pay $616 and costs, is more than respondent can possibly owe by any mode of accounting.

11. Because said property has been sold for a price wholly inadequate, and grossly below its value.

Additional exceptions:

1. Because the trustee required terms of purchase not authorized by the decree in demanding a deposit of $300.

2. Because the auctioneer's flag was not properly placed.

The Court below (PINKNEY, J.,) overruled all the exceptions, but the first additional exception, which was allowed, and an order was passed setting aside the sale. From this order the complainant appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER and ROBINSON, J.

*Thomas W. Griffin* and *Wm. H. Cowan,* for the appellant.

*Thomas R. Clendinen* and *John Carson,* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

Eleven exceptions to the sale made and reported by Thomas W. Griffin, Esq., trustee, were made by the appellee Richard Henry Smith, the mortgagor; all of which were overruled by the Circuit Court. After the proof had been taken two additional objections were filed; the first of which was held by the Circuit Court to be fatal, and for that cause, ordered that the sale be set aside.

This exception was as follows: "Because the trustee required terms of purchase not authorized by the decree in demanding a deposit of $300."

The terms of sale prescribed by the decree, were "*one-third cash, and the balance in six and twelve months,* (or all

cash as the purchaser may elect.'')    It appears by the tes-
timony of *Smith*, the appellee, and of *Charles H. Reeves*,
who was present at the sale ; that the auctioneer announced
that the purchaser would be required to ''deposit $300,
cash : '' or as *Mr. Reeves* states it, ''that $300, would
have to be paid cash on the spot, by any one purchas-
ing the property at the sale.''    The same witness says,
in answer to the 18th interrogatory, that to the best of
his belief, the auctioneer said ''that he desired no one to
bid unless they were able and willing to comply with the
conditions as to payment of three hundred dollars.''

There is no evidence in the cause that this announce-
ment by the auctioneer prevented any one from bidding,
who had gone to the sale for that purpose.    *Mr. Reeves*
says in his testimony, that the first bid was $2500, then
$5000 was bid, when he bid $5500, then a bid was made
by Mr. Vickery of $5600, and the property was knocked
down.

The trustee testifies ''that the sale was fair and *bona
fide* in all respects, as far as he could see, or have any
knowledge.    That there were quite a number of per-
sons present ; there was considerable competition in the
bidding, and the auctioneer dwelt some considerable time
on the last bid, before knocking down the property.''

The decree prescribed that *one-third* of the purchase
money should be paid in cash ; and the advertisement
stated that such were the terms of sale.    In this state of
facts the question presented by this exception, is whether
the announcement made by the auctioneer, that a deposit
of $300, or an immediate payment of that sum by the pur-
chaser would be required, was such a departure from the
terms of the decree, as to prevent the ratification of the
sale.

In *Gray vs. Viers*, 33 *Md.*, 18, the objection to the sale
was that the trustee had not sold the property to the
highest bidder.    This Court said (p. 22,) ''By the highest

bidder must be understood a person who makes the highest bid in good faith. The trustee is not bound to accept every bid. He is necessarily clothed with a prudent and sound discretion, and the Court will always sustain him in refusing bids which would defeat and frustrate the very object and purpose of a sale."

That rule is applicable here, if the trustee had reason to apprehend, that there were persons present, ready to bid, without the intention or ability to comply with the terms of sale, and for the purpose of frustrating it; it was a prudent and reasonable precaution for him to require that the purchaser should deposit or pay some portion of the price in cash at the time of his purchase, in order to insure a full compliance with the terms of sale, or to cover the cost and expenses of the sale. The amount required was not unreasonable; and as by the terms of the decree and the advertisement, he had a right to demand the payment in cash of *one-third*; it is difficult to see how the announcement made by the auctioneer, could have deterred or prevented persons from bidding; and in our judgment it did not impose upon the purchaser a condition not warranted by the decree, or which was in itself unreasonable. For these reasons we think this exception, furnishes no sufficient ground for annulling the sale.

As to the other exceptions, which rest upon objections to the right of the trustee to sell the property, we agree with the Judge of the Circuit Court in the opinion, that "they are not tenable." They have been relied on by the appellee's solicitor, in the argument in this Court; but it is unnecessary to discuss them at any great length; we shall merely state in a few words our conclusions with regard to them.

1st. The account or mortgage claim filed on the 23rd day of January, 1874, is in our judgment a sufficient compliance with the Code, vol. 2, Art. 4, sec. 783, and the supplementary Acts of 1861, ch. 76, and 1864, ch. 124.

If the statement is erroneous in not showing the true balance due upon the mortgage, it is open to correction, when the account may be stated by the auditor ; but furnishes no reason for setting aside the sale.

2nd. The same may be said of the objection that the terms of the mortgage are usurious, that question can only arise upon the statement of the final account by the auditor, and cannot be urged as an objection to the sale.

3rd. There is no sufficient proof of any tender by the appellee, or an offer on his part to pay the amount due on the mortgage, before the sale was made.

4th. The objection that the property was sold for a grossly inadequate price, and greatly below its value is not sustained by the evidence.   The price at which it was sold is considerably below the estimate put on it by the appellee, and some of the other witnesses; but from the whole evidence, it does not appear that the price was so grossly below its value as to justify the presumption that the sale was not a fair one, or that the trustee in any respect violated his duty.   On the contrary the proof shows that the sale was fairly made, and for the best price that could be obtained.

Without referring particularly to the several exceptions, we have adverted to the substantial grounds upon which they rest, and are of opinion that none of them furnish any sufficient reason for setting the sale aside, the order of the Circuit Court will therefore be reversed and the cause remanded for further proceedings.

<div align="right">

*Order reversed, and*
*cause remanded.*