## ANNIE McCAUSELAND et al. vs. THE BALTIMORE HUMANE IMPARTIAL SOCIETY, ETC.

*Exceptions to Ratification of Mortgage Sale—Loss of Promissory Note Secured by Mortgage—Assignment of Mortgage by Executor—Affidavit to Mortgage Claim.*

Appeal from an order of the Circuit Court of Baltimore City (RITCHIE, J.) *Affirmed.*

This is an appeal from an order of the Circuit Court of Baltimore City which overruled exceptions filed to the ratification of a sale made under a decree of that Court and finally ratified the sale. It appears that on the 6th day of November, 1879, the appellants executed to Samuel Turbutt a mortgage of certain leasehold property in the city of Baltimore belonging to the appellant, Annie McCauseland. The mortgage was given to secure the payment of five hundred dollars, a debt owing from the mortgagors, with interest from date; and recited that the said debt was " evidenced by their joint promissory note for that amount dated November 6th, 1879, and payable twenty-four months after date with interest from date for which four interest notes are given, payable at the end of every six months." The mortgage also contained the assent of the mortgagors " to the passing of a decree by the Circuit Court of Baltimore City for a sale of the said property to take place at any time after default in payment of said mortgage debt or the interest thereon or the taxes " in accordance with provisions contained in the Public Local Laws of the State, title, city of Baltimore. Samuel Turbutt died, it appears, sometime in the year 1898, leaving a will, which does not appear in the record, but it is a necessary inference from what does appear that a portion of his estate passed under the will to the appellee in this case. There seems to have been a caveat to the will, which being withdrawn, Covington D. Barnitz qualified as the executor thereof and proceeded to administer the estate. In May, 1900, he made distribution of the estate and on the 17th of that month executed to the appellee an assignment of two

mortgages specifically referred to and of " all the right, title and interest of Samuel Turbutt, deceased, in the properties described in said mortgages and in the mortgage debt intended to be secured thereby." The mortgage under which the sale was made in this case was one of the mortgages so assigned.

On the 20th of November, 1900, the appellee proceeded under the clause in the mortgage giving assent to a decree and the provisions of the local law applicable thereto to procure a decree for a sale of the mortgaged premises and on the same day a decree directing a sale was passed in the usual form. Under this decree a sale was made by the trustee named in the decree and reported which upon exceptions thereto was set aside whereupon a second sale was made and reported and the exceptions to this last mentioned sale are those with which we are now dealing.

Before taking up the exceptions it may be premised that what has given rise to the controversy is the non-production of the mortgage note referred to in the mortgage. The non-production of the note is accounted for by proof offered by the appellee which in the absence of all contradictory evidence must be taken to establish the loss or destruction of the note. The proof further goes to show that Samuel Turbutt was at the time of his death the owner of the mortgage and of the mortgage debt. As to this there is no effective contradiction of the evidence on the part of the appellee. It also appears clearly from the evidence submitted by the appellee that the mortgage debt, evidenced by the note, remains unpaid. The mortgage in reciting the note as evidencing the debt secured thereby does not describe it as a negotiable note, nor does it otherwise appear that that was its character. In the case of *Yingling* v. *Kohlhass*, 18 Md. 148, it was held that where it was not shown that the note sued on was negotiable, the burden of proving which was upon the defendant (the maker), and the execution, delivery and amount of the note were shown and that it was unpaid and lost and destroyed a recovery could be had upon it in an action at law. The right of a party to recover upon a lost note upon the state of proof indicated in the case just cited being thus recognized it would seem logically to follow that

the case we have here, upon the state of proof therein, is in the same attitude before the Court, with respect to the relation of the parties under the mortgage, as if the note here in question were produced. The accounting made by the appellee for the non-production of the note is as effective to enable it to recover the indebtedness evidenced thereby as the production of the note itself would be; and there would seem to be no reason therefore why there should not be the same right to enforce payment of the indebtedness by proceedings under the mortgage as if the note were actually produced. This being so it will not be necessary to go into an inquiry as to how far the distinctive powers of a Court of equity to give relief in cases of lost instruments might be invoked in this case. The exceptions to the sale which raised the controversy here will be considered in their order.

The ground alleged against the ratification of the sale in the first exception is that under the assignment made to the appellee by the executor of Samuel Turbutt, the appellee is not the absolute assignee of the mortgage but only of a qualified and indefinite interest therein. The meaning of this exception is not very clear. Upon the face of the assignment itself which is referred to in the exception there is no qualification of the interest conveyed thereby. It assigns "all the right, title and interest of Samuel Turbutt, deceased, in" the mortgages mentioned therein and "in the properties described in said mortgages and in the mortgage debt intended to be secured thereby." The assignment could not be more comprehensive and unqualified in its terms as respects its conveyance of such right and title as Samuel Turbutt possessed. As we have seen the only evidence in the case upon this point goes to show that Samuel Turbutt was, at his decease, the owner of the mortgage in question and of the mortgage debt. It therefore devolved upon his executor who by his unqualified assignment conveyed the entire interest and title in and to the mortgage and mortgage debt to the appellee.

The second exception is "that none of the joint promissory notes which the mortgage was made to secure, ever came into the possession or to the knowledge of the said executor of Samuel Turbutt, the mortgagee, nor were ever assets in

his hands, or were ever administered by him" and therefore could not have been assigned to the appellee. This exception is disposed of by the proof which has already been noticed which shows that the notes in question were lost; but the debt which they evidenced was not thereby extinguished. That devolved upon the executor at the death of the testator notwithstanding he never had the notes in actual physical possession. If the debt remained unpaid to the death of the testator as the proof shows that it did, it became at his death a part of his estate, and as such was administered by his executor notwithstanding the loss of the notes. The third objection is that the right to foreclose the mortgage "vests solely in the holder of the mortgage notes." It is sufficient as to this to say that there is no evidence whatever that there is any holder of the mortgage notes nor that they were ever held by anybody other than the testator, Samuel Turbutt.

The fourth objection is laches and limitations. As to this the proof shows a distinct acknowledgment by the appellants of the mortgage debt since the death of the testator and a payment by them on account of the interest to the appellee here as late as July 13th, 1900. The fifth exception is that the appellee "is neither the mortgagee of said mortgage nor the assignee of said mortgage." The devolution of title to the mortgage in question upon the appellee has already been shown and it need not be repeated here. The sixth and last exception is in effect that there is no proper affidavit made to the mortgage claim in that it was not made by any party authorized by the law to make it. The affidavit is authorized to be made by "the mortgagees, their executors, administrators or assigns, if the mortgage claim shall have been assigned before such sale, or their duly constituted agent or attorney," Art. 4, sec. 693, Code Public Local Laws, title City of Baltimore, now sec. 721 of Art. 4, as enacted by Act of 1898, ch. 123. As has been seen, the appellee here is the assignee of the mortgagee in controversy in due course of devolution of title. The appellee being a corporation the affidavit required is necessarily to be made through an agent, which is expressly authorized by the law. The affidavit here shows upon the face of it that it was made by the treasurer of the appellee

corporation and it appears otherwise that the person making the affidavit was the agent and attorney of the appellee throughout the whole transaction between the estate of Samuel Turbutt and the appellee in reference to the mortgage in question and in reference to procuring and enforcing payment thereof. There is therefore no ground for objection to the affidavit. In the case of *Md. Per. & Build. Soc. of Balt.* v. *Smith, &c.*, 41 Md. 516, the affidavit which was approved by this Court was made by the secretary of the appellant corporation.

The exceptions have been considered and disposed of without reference to any question as to how far the questions raised by them were properly presented on exceptions to ratification of sale. We have not found the exceptions tenable upon any ground nor in any view, and the action of the Court below in overruling them and in ratifying the sale will be affirmed. In the order ratifying the sale below it appears that a bond of indemnity has been executed and delivered to the appellants and they have all they can rightfully ask.

Opinion by JONES, J., filed June 17th, 1902.

*C. D. Barnitz*, for the appellant.
*Leigh Bonsal*, for the appellee.