BENJAMIN F. HENDRIX, ADMINISTRATOR *de bonis non* OF THE ESTATE OF LITTLEBURY HENDRIX, Respondent, *v.* FOSTER P. WRIGHT AND GEORGE R. SMITH, Appellants.

1. *Execution sale — Notice of publication — General judgment — Action for money paid — Ignorantia legis.* —An execution under a general judgment which was based on an order of publication alone is void. But where, with full knowledge of the facts and under a misapprehension only as to the law, one procures the issuance of the execution, purchases the property at sale under the execution, and pays the money to the attorney of the execution creditor, the latter is entitled to recover it from his attorney.

*Appeal from Pettis Circuit Court.*

*F. P. Wright,* for appellants.

The judgment, so far as it is rendered *in personam*, is clearly void for want of jurisdiction, and can be regarded as a nullity in a collateral proceeding. (Enos v. Smith, 7 Sm. & M. 85; 8 Sm. & M. 505.)

Smith's knowledge of the judgment and its invalidity was confined to the execution, which was a general one, reciting a judgment rendered by a court of general jurisdiction, and Smith had the right to suppose the judgment was valid.

Money paid on a void judgment may be recovered back (Newdigate v. Davy, 1 Lord Raym. 742), and if the money had been paid over to the administrator, Smith could recover it back. But Smith is not seeking to recover back the money finally paid over. He is trying to keep it from being paid over while *in transitu.* Smith notified Wright not to pay it over to the administrator, and if he had done so he would have been liable to Smith. (Wallace v. Clingen, 9 Barr, Penn., 49; Langley v. Warner, 1 Sandf. 209; Edwards v. Hodding, 5 Taunt. 815.) The money being

claimed by Smith, to whom, in equity at least, it clearly belonged, Wright, by paying it over after notice, would have rendered himself liable, even if he had been acting as attorney or agent for plaintiff. After notice he held the money as mere stakeholder, and was bound to see it applied to the proper party. (Burrough v. Skinner, 5 Burr. 2639; Sto. Agency, §§ 300, 301; Garland v. Salem Bank, 9 Mass. 408–14.)

*Hicks & Phillips*, for respondent.

I. The relation of clerk and attorney, of principal and agent, subsisted between respondent and Wright; and Wright having received the money as such agent and attorney, cannot set up title thereto in another, or even call upon a party claiming the money to interplead for the same, and Wright's answer should have been stricken out. (2 Sto. Eq., § 816–17, 163–4; Crawshay v. Thornton, 7 Simon's Ch. 391; Marvin v. Ellwood, 11 Paige's Ch. 365, 370, 375.) Neither could Smith, by notifying Wright not to pay over the money to respondent, convert Wright into an implied trustee for his benefit. (Bank of U. S. v. Bank of Washington, 6 Pet. 819.)

II. The judgment and execution in Benton Circuit Court were not void. (Massey v. Scott, 49 Mo. 278.)

III. The possession of Wright, the agent and attorney, of the money in controversy, is in law deemed the possession of respondent. (Dixon v. Hamond, 2 B. & Ald. 312–13.) Atkinson v. Manks *et al.*, 1 Cow. 691; Marvin v. Ellwood, 11 Paige, 376; 2 Sto. Eq. ch. 22, §§ 816–17.)

IV. The proceedings had in the Benton Circuit Court to quash the execution and set aside the sale, were nullities. The court had not jurisdiction over either plaintiff or defendant in the execution. They had no notice of such proceeding. Smith was neither party nor privy to the record.

V. Smith's demand is in the nature of one for money had and received, and although he averred in his plea that he bought under the impression that the judgment was one *in personam*, yet that fact was specifically controverted in the replication, and Smith offered not a word of proof in this distinct issue of fact;

so it remains that Smith's mistake was one of law, and he can not recover for money so paid. The doctrine of *caveat emptor* applies with peculiar force in this case. (Boas v. Updegrove, 5 Barr, Penn., 516–19; Espy v. Allison, 9 Watts, 462; Mowatt v. Wright, 1 Wend. 355; Maguire v. Monks, 28 Mo. 196–7.)

WAGNER, Judge, delivered the opinion of the court.

From the pleadings the facts in this case are briefly these: The administrator of Littlebury Hendrix, deceased, placed in the hands of the defendant Wright, an attorney at law, two notes for collection against one Atkinson. The notes were given for the purchase of real estate in Benton county, and Atkinson was a non-resident. Wright commenced a proceeding in the Benton County Circuit Court specifically against the land to obtain a vendor's lien, and Atkinson was notified by publication. Upon proof of publication being made, judgment was taken specially, giving a lien on the real estate, and a general personal judgment was also given. A special execution was issued to the sheriff of Benton county, and the land was sold and bid in by Wright for the benefit of the estate, but not for a sufficient price to satisfy the execution. Afterwards, by the direction of Wright, a general execution was issued to the sheriff of Pettis county, and certain real estate lying in that county, and belonging to Atkinson, was sold by the sheriff and purchased by Smith for an amount which satisfied the balance of the execution. This money was paid over to Wright as attorney for plaintiff, but he did not deliver it to plaintiff; and subsequently Smith notified him not to pay the same, on the ground that the sale was void and that he claimed a return of the money. In pursuance of this notification, Wright kept the possession of the money, and this suit was instituted for its recovery.

Wright, in his answer, sets out in detail the facts, the substance of which is above stated, and alleges that he was mistaken in the law as to the validity of the general judgment, and further says that at a subsequent term of the Benton Circuit Court the execution issued to Pettis county was quashed and the sale to Smith

set aside. He asks the court to determine who is entitled to the money, but says that, if it is due to the plaintiff, a reasonable fee to him for carrying on and prosecuting the suit of Hendrix against Atkinson should be deducted from the amount.

Smith was admitted on his own motion as a defendant, and in his answer set out the facts connected with obtaining the judgment in the Benton County Circuit Court; stated that the personal judgment and the execution thereunder were void; that the sale at which he bid had no validity, and that the execution was subsequently quashed and the sale set aside, and that he was entitled to the money. He further stated that at the time he bid for the property sold under execution, he believed that the judgment was valid and the sale legal. To these answers the plaintiff filed replications stating that the execution was quashed without any notice, and denying that the order of the court for that purpose had any validity. There is a denial of all the essential allegations in the answers. In reply to Smith's answer it is specially averred that Smith well knew the manner in which the judgment had been obtained and rendered; that he knew before he made the purchase that the judgment was obtained upon an order of publication, without personal service, and that Atkinson was a non-resident of the State, and that he made no personal appearance to the action. The replication further denied that Smith supposed or believed that there was any personal judgment against Atkinson other than what was rendered upon the order of publication, and also charged the fact to be that before the purchase of the property Smith was informed by his co-defendant Wright that there had been no personal appearance by Atkinson to the action, and that the judgment had been rendered upon proof of publication only, and that a purchase of real estate under an execution issued on said judgment would be valid and vest a good title in the purchaser; that defendant Wright had procured said execution to be issued to the sheriff of Pettis county at the special instance and request of his co-defendant Smith, in order that the sheriff should levy the same on the lots of Atkinson, to enable Smith to purchase Atkinson's interest in the lots, and that the same was accordingly done; that Smith

was fully informed and cognizant of all the facts connected with the rendering of the judgment, the issuance of the execution, the levy and sale.

The case was submitted to the court upon the pleadings. No evidence was introduced except the transcript of the judgment from Benton county. The court rendered judgment for the plaintiff, but allowed Wright a fee of fifty dollars for services as attorney. From this judgment both parties have brought the case here. According to the pleadings the plaintiff's case stands admitted on the record, and it appears that Smith was advised and had full knowledge of all the facts relating to the rendition of the judgment, and that he procured the writ to be issued for the purpose of purchasing and obtaining the title to the lots which he bought at the sheriff's sale. He was a purchaser with notice, and he parted with his money voluntarily. He was not mistaken as to a matter of fact, but on a question of law, and I know of no principle on which he can be relieved. I do not think the Circuit Court of Benton county had any jurisdiction when it quashed the execution, for the proper parties were not before it. But it is not a matter of much importance here, as the execution was unquestionably void. But as Smith procured its issuance knowing all the facts, purchased the property at the sale and paid the money to plaintiff's attorney, the plaintiff is entitled to recover it from his attorney. Whether Smith had any right to come in, in this cause, and join the attorney in making a defense against his client, is a question upon which I have grave doubts. The relation of attorney and client is one of confidence and trust, and it is the duty of an attorney when he collects money to promptly pay it over to his client. It is contrary to sound morals and professional fidelity to permit an attorney to withhold money that he has collected for his client, and then join in with another person in resisting its payment over. Cases may arise in which the attorney cannot pay the money to his client with safety, but in such an event all that he has a right to do is to ask for an indemnity. Where a person claims the money in his hands and commences a proceeding against the client to establish his right, the attorney should remain passive. In this case the attorney obviously acted from good motives, and

his retention of the money, although an error, I do not think is a sufficient cause for depriving him of all remuneration for his services.

The judgment will therefore be affirmed. Judge Bliss concurs. Judge Adams not sitting.