————o———

WILLIAM HEREFORD, *et al.*, Respondents, *vs.* THE NATIONAL BANK OF STATE OF MISSOURI, *et al.*, Appellants.

1. *Trusts—Consent to appointment of trustee, not authorized by law—Sale of property—Estoppel.*—In case of refusal of a trustee, appointed under a deed of trust, to act in the premises, the court has no authority to appoint any person to carry out the trust except the sheriff of the county; but where all parties interested in the trust advised and consented to such appointment, and permitted such appointee to execute the trust and make *bona fide* sales of the estate; and it appears that the purchasers made permanent and valuable improvements on the property; and that the proceeds were applied to the satisfaction of the debts secured by the trust deed; they will be estopped in equity from disputing the authority of the trustee or the validity of the sales.

*Appeal from Linn Common Pleas.*

*McFerran & Warder, C. H. Mansur, James Carr & Geo. W. Easley* for Appellants.

*L. T. Collier & A. S. Harris*, for Respondents.

ADAMS, Judge, delivered the opinion of the court.

This suit was originally brought in the Livingston County Court of Common Pleas, and taken by change of venue, by consent of parties, to the Linn County Court of Common Pleas.

The petition alleges in substance, that John L. Johnson, and Jasper N. Bell, with their wives, by deed of trust, dated 6th

December, 1861, and duly recorded in Livingston County, conveyed to Adamantine Johnson a large amount of real estate in said county in trust, to indemnify certain sureties and indorsers.of said Johnson and Bell upon sundry notes and bills of exchange, made due and payable to the Bank of the State of Missouri, and other banks therein named, and amounting to about twenty-one thousand dollars; that at the May Term, 1864, of the Circuit Court of Livingston County, an order was made upon the *ex parte* application of W. C. Samuel, administrator of the estate of Wm. Y. Slack, deceased, whereby Charles H. Mansur was appointed trustee to execute said deed of trust, in place of Adamantine Johnson, the original trustee, who, as recited in said order, refused to act as such trustee; that said order was made without any notice to the said A. Johnson, the original trustee, and without any notice whatever to the parties named as beneficiaries therein; that said pretended order was, and is, wholly without authority of law, and null and void. The petition also alleges, that Mansur did, in pursuance of the order appointing him trustee, proceed to sell the said real estate, when the Bank of the State of Missouri purchased the whole of the same except eighty acres, and paid therefor the aggregate sum of twenty-eight hundred dollars; that said Bank did, shortly after said sale, sell to the defendant William Perry a part of said real estate, described in the petition as the Porter farm containing 410 acres, for the sum of $3,000; that Bradley at Mansur's sale bought the undivided half of a quarter section for $2,700, and sold the same to Swinburn, and Swinburn to the defendant Josiah Hunt for twelve hundred dollars; that the plaintiff Thomas R. Bryan paid the Bank of the State of Missouri, as surety for said Johnson and Bell, the sum of $1,200.00, and Elisha Hereford in his lifetime, as surety for Johnson and Bell, paid the sum of $3,000. The petition prays judgment, that the order appointing Mansur trustee be annulled and declared void; and that the sales made by Mansur, as trustee, be declared null and void; and that the purchasers be forever barred from setting up any claim to the real estate bought by them, and that the deed of trust be fore-

closed and the proceeds of sale be applied to plaintiffs, to re-imburse them for the amounts they paid as sureties, and that the balance be applied to the beneficiaries in the deed of trust, etc.

The defendants by their several answers admit the execution of the deed of trust, and charge that the deed contained also an assignment of a large amount of notes and accounts; that Johnson, the original trustee, entered on the execution of the trust, and collected several thousand dollars of the outstand-ing debts, and made dividends of the funds collected amongst the creditors, and then refused to sell the lands, or to carry out any further the provisions of the trust; that thereupon, at the request, and upon counsel and advice of all parties inter-ested, including the plaintiffs, Mansur was appointed by the Circuit Court trustee, in place of Adamantine Johnson, the original trustee; and that as such trustee, by the advice and consent of all parties, he sold the real estate, as mentioned in the petition, and the Bank of the State of Missouri bought a large amount of the same, and re-sold four hundred and ten acres to Perry, who in good faith paid for the same, took pos-session under his purchase with the knowledge and consent of all parties, and made valuable and lasting improvements thereon to the amount of several thousand dollars; that the moneys realized from the sales of real estate by Mansur were paid over to the parties entitled thereto, by consent of all par-ties.

The answers further set up, that the plaintiffs are bankrupts, having taken the benefit of the United States Bankrupt Law.

Upon the trial, the court excluded all evidence offered by the defendants in support of their answer, and made a decree substantially as prayed for by plaintiffs.

As the defendants offered to prove all the facts stated in their answer, the main point presented by the record is, whether such facts constituted any legal or equitable defense to the plaintiffs' petition.

It may be conceded, that the Circuit Court of Livingston County had no jurisdiction under this deed of trust to appoint

Mansur as trustee in place of Adamantine Johnson, the original trustee, who refused to act. Under the statute, the court is authorized to appoint the sheriff of the county, and no other person as trustee to carry out a deed of trust made to secure a debt or other liability.

But although the appointment of Mansur was void, he, nevertheless, with the advice and consent of all the parties to the deed, creditors, sureties, beneficiaries and grantors, entered upon the discharge of his duties. All parties looked upon and treated him as the real trustee, holding the legal title, and he acted as such by making *bona fide* sales of the land and deeds to the purchasers. And the purchasers took possession in good faith, paid the purchase money, and made valuable and lasting improvements. And such purchase money was, in good faith and by consent of all parties, applied towards the debts secured by the deed of trust.

The deed of trust has thus in the presence of these parties, and by their consent, been executed, not by the original trustee, but by a person selected by the parties for that purpose.

Do not these facts constitute an equitable estoppel, and prevent these parties from denying the validity of Mansur's acts in foreclosing the deed of trust?

Where an owner of property stands by and sees another purchase his property or encourages him to do so, his title in equity passes to the purchaser. It would be a fraud to suffer the owner to disturb a title thus acquired. So in this case, it would be a fraud on the purchasers to suffer these parties to disturb titles created by their own advice.

In my judgment, the facts set up by the answers of the defendants constituted a good equitable defense.

Let the judgment be reversed and the cause remanded. Judges Vories and Sherwood concur; Judges Napton and Wagner absent.