Spurlock v. Sproule.

SPURLOCK v. SPROULE, *Appellant.*

1. **Assignment of Cause of Action Pending Suit:** PROPER PARTY PLAINTIFF. The plaintiff does not, by assigning his cause of action between the filing of the petition and the issuing of the summons, lose his right of recovery. The court, however, may properly permit the assignee to be substituted as plaintiff in the action.

2. **Deed of Trust:** SALE IN ABSENCE OF TRUSTEE. It is well settled in this State that a sale under a deed of trust given to secure the payment of a debt is not valid if the trustee be not present at the sale, unless the deed authorizes the trustee to delegate his power to an-

72 503
34a 633

72 503
37a 423
37a 449

72 503
39a 87

72 503
103 501

72 503
50a 64
51a 259
52a 421

72 503
114 332

72 503
59a 118

72 503
128 8

72 503
66a 467

72 503
143 79
144 597

72 503
f155 522

72 503
101a 4109
101a 5399

other, in which case such other may act in his place.   *Landrum v. Union Bank*, 63 Mo. 51 ; *Graham v. King*, 50 Mo. 22.

3.   **Estoppel.**   The doctrine of estoppel cannot be invoked unless what was said or done by the party to be estopped, can be shown to have influenced the conduct of the other.

4.   **Delay, when not Treated as Laches.**   Where a party has a clear right in equity, with no remedy at law, mere delay in bringing his action should not prevent recovery.   It should appear that something has intervened in consequence of which he would obtain an unconscientious advantage if the relief asked were granted.   In the present case land of a debtor was sold under deed of trust, without the trustee being present.   The creditor was the purchaser at one-half its value, and immediately took possession, and, without making any improvements, for a period of five years and a half held the the property and received from it a handsome rental.   At the end of that time the debtor brought this suit to redeem.   *Held*, that under the circumstances the delay was no bar to recovery.

*Appeal from Cole Circuit Court.*—HON. G. W. MILLER, Judge.

AFFIRMED..

*Patrick & Frank* for appellant.

1.   Plaintiff is estopped by his conduct and presence at the sale.   He directed how the sale should be made, procured an auctioneer to cry it and after it was done received payment for the auctioneer's services from the agent of the holder of the note and paid it to the auctioneer. Here was a clear consent on the part of the plaintiff that some one else should execute the trust than the trustee named.   *Tatum v. Holliday*, 59 Mo. 426: *Hereford v. National Bank*, 53 Mo. 330 ; *Austin v. Loring*, 63 Mo. 22 ; *Evans v. Snyder*, 64 Mo. 516 ; *Moreman v. Talbott*, 55 Mo. 392; *Hart v. Giles*, 67 Mo. 175 ; *Landrum v. Union Bank*, 63 Mo. 48.

2.   By the unreasonable delay in bringing this suit, without any excuse for the laches, the plaintiff has slept upon his rights, and the court will not relieve him.   *Bliss v. Prichard*, 67 Mo. 181 ; *Kelly v. Hurt*, 61 Mo. 466 ; *Bradshaw v. Yates*, 67 Mo. 226 ; *Wells v. Perry*, 62 Mo. 573 ;

*Twin-Lick Oil Co. v. Marbury*, 91 U. S. 587; *Stevenson v. Saline Co.*, 65 Mo. 425.

3. The only circumstance relied upon by plaintiff as entitling him to redeem, is the absence of the trustee. A sale under a deed of trust given to secure the payment of an indebtedness differs from a mortgage. In a deed of trust the parties constitute their own court and mode of procedure with respect to the method of foreclosing the deed and obtaining payment of the debt. *Turner v. Johnson*, 10 Ohio 204, 208; *Gray v. Shaw*, 14 Mo. 341.

4. There was no right of action in Gibbs when the suit was instituted. He had parted with his title.

5. Spurlock was not entitled to be substituted as plaintiff. This right only exists under the statute where the interest of the party plaintiff has been transferred subsequent to the institution of the suit. In this case the plaintiff has no interest in the suit when the suit was instituted. The real party in interest must sue; (R. S., § 3462;) that is, the party having the legal title. *Gibbons v. Gentry*, 20 Mo. 468; *Richardson v. Means*, 22 Mo. 495; *Gardner v. Armstrong*, 31 Mo. 535; *People v. Booth*, 32 N. Y. 397; *Ensworth v. Barton*, 60 Mo. 511.

*A. W. Anthony* for respondent.

In case of a bill to redeem equity adopts the statute of limitations. 3 Cruise Dig., 508; *Bradshaw v. Yates*, 67 Mo. 221. A mortgage with power of sale may be transferred so as to invest the purchaser with the power to sell, but not so a deed of trust like this. *Pickett v. Jones*, 63 Mo. 195. If the mortgagee purchases at his own sale, the mortgageor may redeem, and his getting an auctioneer to sell does not alter the case. He cannot purchase by an agent. Neither can a co-trustee purchase. *Gaines v. Allen*, 58 Mo. 537; *Thornton v. Irwin*, 43 Mo. 153. And if the sale is regular, in all other respects, if the purchaser buys at his own sale by himself, his agent or attorney, the sale

is void on grounds of public policy, though a fair price was obtained. No estoppel can avail the appellants on facts alleged before the sale. The evidence shows that no improvements have been made, no transfers made, nor any correspondence had between the parties since the sale, so there cannot be an estoppel on matters arising anterior or subsequent to the sale.

Gibbs clearly had the right to redeem; (*Young v. Ruth,* 55 Mo. 515; *Potter v. Herring,* 57 Mo. 184; *Culligan v. Wingerter,* 57 Mo. 241;) and that right was transferable. 2 Story Eq. Jur., § 1015; 2 Cruise Dig., 126; *Foster v. Potter,* 37 Mo. 525. The filing of the petition is the commencement of the suit. *Gosline v. Thompson,* 61 Mo. 471. The court exercised a sound discretion in substituting plaintiff, Spurlock. Wag. Stat., 1050, § 9.

NORTON, J.—This suit was instituted by William S. Gibbs in the Morgan county circuit court. In the petition plaintiff claims that he, as one of the grantors in a certain deed of trust, had the right to redeem certain real estate therein conveyed. This claim is based on the following state of facts: The said Gibbs and one Samuel Wilson were engaged in the mercantile business in Versailles, Morgan county, and being indebted to the defendants, who compose the firm of Samuel C. Davis & Co., in the sum of $3,200, for the purpose of securing the same, on the 14th day of February, 1869, executed a deed of trust, in which one Isaac G. Gibbons was the trustee, and by its terms was invested with the power of selling the land conveyed in case of default in the payment of said debt. The deed of trust embraced both the property of Gibbs & Wilson. On the 4th day of January, 1872, there was a balance of $1,825 due on said note, and on that day the land mentioned in said deed of trust, and also a lot with a house on it in the town of Versailles, were sold for the purpose of paying the said over-due balance, and defendant Sproule, through his agent Simpson, purchased at said sale, said house and

lot. This was the property of Gibbs, anu is an tnat is involved in this controversy, other parties having bought the land. Isaac W. Gibbons, the trustee in said deed, and who was the collecting agent of the firm of said Davis & Co., was not present at said sale, but one Simpson, who was also a collecting agent of said firm, conducted the sale through one Painter, who cried the sale, he having been procured by Gibbs at the request of Simpson for that purpose, and who was paid by Simpson through Gibbs for his services. Before the trial of the cause Spurlock was substituted as plaintiff in place of Gibbs, and on the trial of the cause in the circuit court of Cole county, where it had been removed by change of venue, judgment was rendered for plaintiff, from which the defendant has appealed.

It is insisted on the part of appellant, as one ground of error, that at the time the suit was instituted Gibbs

1. ASSIGNMENT OF CAUSE OF ACTION PENDING SUIT: proper party plaintiff. had sold his interest, both legal and equitable, in the property in question to Spurlock, and that the court erred in substituting Spurlock and not dismissing the suit. Upon an examination of the record we find that Gibbs filed his petition in the office of the clerk of the circuit court of Morgan county on the 17th day of August, 1877; the acknowledgment of Gibbs of the deed conveying his interest to Spurlock was made on the 20th day of August, 1877, and on the 21st day of August, 1877, Spurlock attached a notice in writing to said petition to the effect that the house and lot in the petition mentioned had been transferred to him by deed, together with back rents; the writ of summons on said petition was issued on the 28th day of August, 1877. It has been held by this court in the case of *Gosline v. Thompson*, 61 Mo. 471, that the filing of the petition in a cause is the beginning of the suit. Hence, it follows from the above state of facts that this suit was commenced on the 17th day of August, 1877, the time when the petition was filed, and as the transfer of Gibbs' interest in the property involved in the suit does not appear to have been

made to Spurlock before the petition was filed, but on the contrary it does appear that it was made after the suit was brought, the court committed no error either in refusing to dismiss the suit or in permitting Spurlock to be substituted as party plaintiff.

It is well settled in this State that a sale of property conveyed by deed of trust under a power contained therein 2. DEED OF TRUST: authorizing the trustee to sell in case of desale in absence of trustee. fault in the payment of the debt secured by it, is not binding on the grantor unless such trustee was present at such sale, or unless in case of sale by another than the trustee the deed empowered such trustee to delegate to another the power to sell. *Graham v. King,* 50 Mo. 22; *Landrum v. Union Bank,* 63 Mo. 51. By the terms of the deed of trust in evidence it appears that no one was authorized to sell the property conveyed except the trustee, Gibbons; or in the event of his absence or inability to act, Mr. Davis, one of the beneficiaries, was invested with the power. The evidence shows that neither Davis nor Gibbons was present at the sale, but that it was entirely conducted by one Simpson, agent of defendant, and by him purchased for defendant Sproule. It follows, therefore, from the principle announced in the cases above cited that the sale then made was invalid and did not deprive Gibbs of his right to redeem.

It is, however, insisted that neither Gibbs nor his grantee is entitled to the benefit of this principle; first, 3. ESTOPPEL. because Gibbs was estopped by his conduct and presence at the sale; and, second, because of unreasonable delay in bringing his suit.

Gibbs swears that he first heard that his property was advertised for sale under the deed of trust the day before the sale was to occur; that he lived eighteen miles from Versailles, the place of sale; that on the day of the sale he was present; that he told Simpson he objected to his selling the property because he was not the trustee; that Simpson said he was bound to sell as the company must

have their money; that he occupied the same relation to the firm of Davis & Co. that Gibbons did or had occupied before; that after this interview he applied to Simpson in writing for more time to give him a chance to sell the property at private sale; that Simpson said he was bound to sell, but would wait till evening to give him an opportunity to raise the money, and that failing in this, at the request of Simpson, he procured for him one Painter to cry the sale, and finding that he could not postpone the sale, requested that the land be sold in separate tracts; that he never gave his consent to the sale. Simpson, who conducted the sale, swears that he saw Gibbs on the day of the sale, about ten o'clock in the morning, and told him he was going to sell the property; that Gibbs requested him to wait till the afternoon, as he thought he could raise the money; that he, Simpson, agreed to this, saying that all he wanted was the money, and if he did not get it he would sell; that Gibbs told him about two o'clock in the afternoon that he could not raise the money, and requested him to sell the land first; that he then procured Gibbs to get an auctioneer to cry the sale; that after it was over he gave Gibbs $5 to pay the auctioneer "he had got for him;" that Gibbs made no other objection to the sale than as above stated. While there is a discrepancy in the evidence of these two witnesses in relation to the statement made by Gibbs that he objected to Simpson selling the property because he was not trustee, they agree in all other respects, and it is shown by the evidence of both of them that Simpson had come to Versailles for the express purpose of selling the land contained in the deed of trust, and was determined to sell, unless the debt was paid, and that this determination was wholly uninfluenced by anything either done or said by Gibbs.

Before the doctrine of estoppel can be invoked as against Gibbs it must be shown that he either said or did something which influenced Simpson to act otherwise than he would have acted if the act had not been done or the

words had not been spoken; or, as has been said in the case of *Bales v. Perry*, 51 Mo. 449, " the courts all concur in this, that no man can set up another's act or conduct as the ground of estoppel, unless he has himself been misled or deceived by such act or conduct; nor can he set it up when he knew or had the same means of knowledge as to the truth of the statement as the other party. The primary ground of the doctrine is, that it would be a fraud on the party to assert what his previous conduct had denied, when, on the faith of that denial, others have acted. If the truth be known to both parties or they have equal means of knowledge, there can be no estoppel." We can discover nothing in the evidence of either Gibbs or Simpson of anything Gibbs either said or did that misled or deceived Simpson, who acted for defendant in purchasing the property, or which in any manner influenced his conduct as to the sale of the house and lot in question. Simpson does not state that he was at all influenced by anything of the kind, but does state in effect that he could only have been diverted from his fixed purpose to sell by the extinguishment of the debt by payment, and besides this, Simpson knew as well as Gibbs did, that the deed of trust under which he was going to sell, did not authorize Gibbons, the trustee, nor Davis, the beneficiary, to delegate the power to sell to him or any one else.

It is also insisted by defendant that plaintiff, by a delay of five years and seven months in bringing his suit, has **4. DELAY, WHEN NOT TREATED AS LACHES.** forfeited his right to redeem. It appears from the evidence that the property in question was sold by defendant's agent, and was bought by the agent for him for $1,000, which was about half its value; that plaintiff was in indigent circumstances; that defendant has received since the sale a yearly rental of $400, that he has made no improvements thereon, the property remaining in the same condition as it was when sold. In such a case where a suit is brought to redeem, something more than mere laches on the part of the complainant must

be made to appear before a court of equity will deny to him its aid in the enforcement of a clear right. *McNair v. Lott*, 25 Mo. 182; *Kelly v. Hurt*, 61 Mo. 463; *Davis v. Fox*, 59 Mo. 125; *Bradshaw v. Yates*, 67 Mo. 221. In cases where a party resorts to a court of equity for specific performance, and in cases where the relief asked may or not be granted in the discretion of the chancellor, and where a remedy exists at law, the aid of the court may be refused and the party remitted to his action at law on the sole ground of laches. But in cases where a party comes before the court with a clear right entitling him to the relief, there being no remedy at law, something more than mere delay must be shown before the relief asked can be refused, such as that the party has slept upon his rights till the property sought to be regained has been enhanced in value by improvements made, or that some other matter has intervened which would give to the party who had thus lain idle an unconscientious advantage over the other party if the relief asked were granted him.

The case of *Hereford v. National Bank of Missouri*, 53 Mo. 330, represents a class of cases to which we have been cited by counsel for defendant as justifying the application of the doctrines of laches and estoppel in the present case. We fail to perceive the analogy which it is claimed exists. In the case referred to, by the advice and consent of all parties interested in the trust, a person other than the trustee was appointed to make the sales and was permitted to execute the trust and make the sales, the proceeds of which were applied to the satisfaction of the debts, and the purchaser had made lasting and valuable improvements before proceedings were instituted to redeem, and relief was denied. In the case before us no improvements had been made; the consent of Gibbs that Simpson should make the sale instead of the trustee, Gibbons, was not shown, but on the contrary the evidence tended strongly to show that Simpson was fully determined to make the sale without reference to the wishes of Gibbs, and with full knowledge

of the fact that the trustee Gibbons or Davis alone had the right to enforce the trust by a sale. Judgment affirmed, all the judges concurring.