MONKS *et al.*, Appellants, v. BELDEN *et al.*

Estoppel: ADMISSIONS. An admission made by one party to another,
is not sufficient to create an estoppel *in pais*, unless the party to
whom it was made acted upon it. The party claiming the benefit
of the admission must show that his action was influenced by it, be-
fore he can set it up, or rely upon it.

*Appeal from Howell Circuit Court.*—HON. J. R. WOODSIDE,
Judge.

AFFIRMED.

*Hamilton & Fisher* for appellants.

It has been held by this court that to establish an es-
toppel *in pais*, there must be, 1st, An admission inconsist-
ent with the evidence proposed to be given, or the claim
offered to be set up; 2nd, Action by the other party upon

such admission; 3rd, An injury to him by allowing his admission to be disproved. *Taylor v. Zepp*, 14 Mo. 482; *Spurlock v. Sproule*, 72 Mo. 503; *Acton v. Dooley*, 74 Mo. 63. Monks was led to believe that the defendants had no claim except the attachment, and acting on that presumption, took a bill of sale and defended Arnold. Where a man by his conduct knowingly causes others to believe in the existence of a certain state of things, and such others are thereby induced to act on such belief to their injury, he will be concluded from averring, as against the latter, a different state of things. *Chouteau v. Gooding*, 39 Mo. 229; *Gerhart v. Finney*, 40 Mo. 449; *Price v. Sims*, 34 Mo. 446; *Fletcher v. Holman*, 25 Ind. 458; Big. on Estop., 496; *Anomet v. Young*, 14 La. An. 175; *Smith v. Taylor*, 14 La. An. 663.

*Livingston & Green* for respondents.

NORTON, J.—This suit was brought to recover damages for the alleged wrongful taking of a certain horse by defendants, and alleged to be the property of plaintiffs. The answer was a general denial, and on the trial defendants obtained judgment, from which the plaintiffs have appealed.

It appears from the record that the horse in question was originally owned by Arnold, one of the plaintiffs; that said Arnold, who was arrested on a charge of burglary and larceny, employed Monks, his co-plaintiff, to defend him against this charge, and in part payment of Monks' fees, gave him a bill of sale of the horse then in the possession of defendants. It further appears that Monks afterward demanded the horse of defendants, who refused to give him up, alleging that they held him by virtue of his having been levied upon in an attachment by them instituted against Arnold. It appears further, that the horse was sold under this proceeding, and the defendants purchased him at the sale made by the constable; it was admitted on the trial that these attachment proceedings were void, because

Arnold had received no notice of them. Defendants then introduced evidence tending to show that previous to the institution of the attachment proceedings, Arnold sold them the horse in payment for damages done by Arnold to the goods of defendant. This evidence was objected to, on the ground that defendants having claimed the horse under the attachment proceedings, were estopped from setting up this previous purchase of the horse. This objection was overruled, and the court also refused to give the following instructions asked for by plaintiffs:

1.   The court declares the law to be, that if the defendants relied upon a contract alleged to have been made between Arnold and defendants after his arrest, and while in the custody of an officer under the direction of defendants, and afterward sued out a writ of attachment before a justice of the peace, and directed the constable to seize the horse sued for by plaintiffs, and claimed by the defendants on the contract as the property of Arnold, and that said constable seized said horse under the direction of defendants, as the property of Arnold, and that defendants prosecuted their case to final judgment, and caused the constable to expose said horse to sale by virtue of an execution issued on said judgment as the property of Arnold, and purchased by the defendants at the sale as the property of Arnold, then they are estopped from claiming under the first contract.

2.   The court declares the law to be, that if Arnold sold the horse mentioned in plaintiffs' petition to Wm. Monks, one of the plaintiffs in said cause, and made a bill of sale to said horse, and that afterward the defendants sued out a writ of attachment before a justice of the peace, and never had service on Arnold, either constructive or actual, and caused said horse to be sold by virtue of the execution and judgment, as the property of Arnold, and the defendants, or one of them, was present, aiding and directing the constable to make such sale, and the defendants, or one of them, bid in the horse at the sale as the property of Arnold,

41—80

and one of the plaintiffs demanded said horse, and defendants refused to give up said horse, the pretended attachment and the sale of said horse under said attachment was void, and defendants were guilty of trespass, and plaintiffs are entitled to recover.

The reception of the above evidence, and the refusal of the foregoing instructions, are the errors assigned.

An admission or assertion made by one party to another, is not sufficient to create an estoppel *in pais*, unless the party to whom it was made acted upon it. *Taylor v Zepp*, 14 Mo. 482; *Acton v. Dooley*, 74 Mo. 63; *Spurlock v. Sproule*, 72 Mo. 503. The question, as to whether Monks was influenced in taking the horse in part payment of his fee, by the assertion, in effect, made by defendants when they caused the horse to be levied upon as the property of Arnold by the writ of attachment, that the horse was Arnold's, was for the jury to pass upon; the court, therefore did not err in receiving the evidence objected to, inasmuch as, if the jury should find that Monks did not act on the assertion thus made by defendants, they would be at liberty to find that defendants acquired title to the horse independent of the attachment of the attachment suit.

It will be perceived that the refused instructions ignore one of the chief elements of estoppel, viz., that the party claiming the benefit of the doctrine must show that his action was influenced by the matter asserted, before he can set it up or rely upon it. Under the instructions refused, the jury would have been authorized to give plaintiffs a verdict, without finding that Monks, in buying the horse, was in any manner influenced by the acts of defendants in the attachment proceedings. If, as indicated in the second instruction asked, Monks bought the horse of Arnold before defendants instituted the attachment proceedings, he could not have been influenced to do so by anything that was done under them. Because this element of estoppel was ignored by the instructions, they were properly refused.

Judgment affirmed, in which all concur.