THE CITY OF ST. LOUIS, *Appellant*, v. PRIEST *et al.*

1. **Trust Deed** : DELEGATION OF POWER OF TRUSTEE. A trustee in a deed of trust cannot delegate the trust or power of sale to a third person, unless expressly authorized to do so by the deed, and a sale made by such delegated agent, when unauthorized by the deed, is void.

2. **Equity** : MISTAKE OF LAW. Equity will not afford relief against a mere mistake of law, unmixed with any mistake of fact.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant.

In *Martin v. Halley*, 61 Mo. 196, it was held that equity will interpose for the relief of one who has taken a defective conveyance, and will compel the vendor and those claiming under him to make good the conveyance. For the purposes of this case, the defendants, as to the property involved, are the vendors of the plaintiff. The defect in the trustee's deed is a defect in the deed of plaintiff's vendors. 1 Story's Eq. Jur. [10 Ed.] secs. 169, 170. Under section 3236 of the General Statutes, Anderson is not entitled to invoke the statute of limitations, and not being so entitled, it cannot be invoked jointly by him and his co-defendant, Priest.

*W. H. Clopton* for respondents.

(1) The statute of limitation bars any right of action. The suit is not brought under the statute (R. S., p. 608, sec. 3562), to quiet title, but is one to divest title. The pretended sale was made in 1865. (2) Equity will not relieve against the consequences of a mistake of law.

1 Story's Eq. Jur., secs. 111, 114, 115, 120 ; *Hendrix v. Wright*, 50 Mo. 315. At the time that Hoyt created Budd his attorney in fact, lawyers might have thought that it was legal for a trustee to authorize another to act in his absence, but this .court has since decided that such sales are void. *Spurlock v. Sproule*, 72 Mo. 503. In the case of *Whittelsy v. Sproule*, 39 Mo. 13, it was held (as early as 1866), that the estates and powers of a trustee could not be assigned by him without the consent of the parties, so as to clothe the assignee with power of .sale. Ch. Kent, in *Lyon v. Richmond*, 2 Johns. Ch. 60, says : "And to suffer a subsequent judicial decision in any one given case on a point of law, to open or annul everything that has been done in other cases of the like kind for years before, under a different under-standing of the law, would lead to the most mischievous consequences." *Bank v. Daniels*, 12 Peters, 33-56 ; *Hunt v. Rousmanier*, 1 Peters, 1-15.

NORTON, J.—The city of St. Louis, in 1859, was the owner in fee of certain real estate described in the three counts of the petition filed in this case, and in October of said year sold and conveyed said. real estate to defend-ants. Defendants to secure the payment of the pur-chase money, executed a deed of trust conveying said real estate to one Hoyt, then comptroller of the city of St. Louis, and authorizing either him to sell and convey the property for the payment of the purchase money if default should be made in its payment, or any successor of his in office, who may be acting comptroller of the city of St. Louis at the time default in payment be made.

It appears that in 1864 Hoyt, the trustee, executed a power of attorney to George K. Budd, in which, after stating that default in payment of the notes secured by the deed had been made, it is recited that by reason of

his absence from the city he could not execute the trust, authorized and empowered said Budd to execute it for him. It further appears that in 1865 said Budd, in pursuance of this delegated power, advertised the property for sale, at which sale the city became the purchaser and received a deed therefor, in which it is recited that: "Stephen Hoyt, formerly comptroller of the city of St. Louis, now of the city and parish of New Orleans, state of Louisiana, by his attorney, George K. Budd, * * * is the party of the first part." This deed is signed "Stephen G. Hoyt, by his attorney in fact, George K. Budd," and is acknowledged by said Budd.

Plaintiff's petition is based on the above state of facts and asks the court to divest defendants of title to the property thus sold and put it in the plaintiff. The trial court dismissed the bill and rendered judgment accordingly, and it is this judgment we are asked to reverse on plaintiff's appeal.

It is established law in this state that a trustee in a deed of trust cannot delegate the trust or power of sale to a third person unless expressly authorized to do so by the deed, and a sale made by such delegated agent is void. *Spurlock v. Sproule*, 72 Mo. 503; *Graham v. King*, 50 Mo. 22; *Landrum v. Bank*, 63 Mo. 51. The sale in this case having been made by Budd as the agent of Hoyt, is void, and the deed based on such sale is likewise void.

It is also well settled that equity will not afford relief against a mere mistake of law. 1 Story Eq., secs. 111-15; *Hendricks v. Wright*, 50 Mo. 315; *Hunt v. Rousmanier's adm'r*, 1 Peters, 15. In the present case the mistake made in the sale of the property was one of law unmixed with any mistake of fact, and giving effect to the principle of law above stated, the judgment of the circuit court in dismissing plaintiff's bill is affirmed. All concur.