LOUIS A. LAUGHLIN and LOUIS S. KENWORTHY, Appellants, v. EXCELSIOR POWDER MANUFACTURING COMPANY and KANSAS CITY SOUTHERN RAILWAY COMPANY, Respondents.

**Kansas City Court of Appeals, January 30, 1911.**

1. **ATTORNEYS: Lien: Client's Release of Joint Tortfeasor.** Plaintiffs, two practicing attorneys, brought this suit under the provisions of section 965, R. S. 1909, to recover an attorney's fee from the two defendant joint tortfeasors, a railroad and a powder company respectively, who had injured plaintiff's client. Pursuant to a contract providing that should their client settle his claim personally, his attorneys should be entitled to an equal fee, the plaintiff attorneys had previously brought suit against the powder company alone. Subsequently, their client compromised with the railroad company. The powder company then pleaded the client's release of the railroad company as a bar to the action against itself whereby said action was dismissed. *Held*, in the action for attorney's fees, that the trial court did not err in sustaining the separate demurrer of the powder company.

2. ———: ———: **Filing of Suit.** The filing of suit dispenses with the necessity of giving the notice of lien required by section 96, R. S. 1909, in respect to attorney's fees.

3. ———: ———: **Release of One Joint Tortfeasor.** Although any act of defendant which destroyed the attorney's lien after it had attached to the cause of action made said defendant liable to the attorneys in an independent action, nevertheless the act of the defendant powder company in pleading the release given to the railroad company as a bar to the action against itself, was not such an act as to make it liable. The rule that where a principal profits by an unauthorized contract of his agent, he having enjoyed a benefit therefrom, must take the contract *cum onere*, does not aply in any sense to joint tortfeasors who do not stand in any contractual or confidential relations with one another, but who are jointly and separately liable whether they acted in concert or independently.

4. ———: ———: ———. A valid release of one joint tortfeasor releases all for the reason that the injured party having but one indivisible cause of action, in receiving satisfaction of part of his demand, satisfies the whole.

5. ———: ———: ———: **Estoppel.** When plaintiff's client settled his demand against the railroad company, one of two joint tortfeasors, he confessed that he had no cause of action against the powder company, the other joint tortfeasor, and would be estopped from repudiating that confession. Since the rights of plaintiff attorneys are derived from their client, in the absence of any allegation of fraud on the part of their client, they likewise are estopped.

Appeal from Jackson Circuit Court.—*Hon. Herman Brumback,* Judge.

AFFIRMED.

*B. D. Davis* for appellants.

(1) By filing the suit defendant powder company was charged with notice of the attorneys' lien on the cause of action. Taylor v. Railroad, 207 Mo. 495. (2) Any act of said defendant which destroyed the attorney's lien after it attached to the cause of action made said defendant liable to the attorneys in an independent action. Yonge v. Transit Co., 109 Mo. App. 235; Taylor v. Transit Co., 198 Mo. 715. (3) By pleading the release of the Kansas City Southern Railway Company as a bar to the further prosecution of the suit and

.thereby electing to avail itself of the provisions of that contract, the defendant powder company took the benefit conferred by the release *cum onere*. To use a homely phrase, it must take the bitter with the sweet. Every benefit is to be enjoyed *cum onere*. Mundorff v. Wick· ersham, 63 Pa. St. 89, and cases cited.

*Kinealy & Kinealy* for respondents.

(1) No cause of action is stated in the petition because it does not allege any violation by defendant Powder Company of any right of the plaintiffs, and these are the essentials of a "cause of action." Litton v. Railroad, 111 Mo. App. 140. (2) The attorney's lien statute throws liability only on the defendant or proposed defendant who settles the client's cause of action. 1 R. S. 1909, sec. 965. (3) Thomas, having accepted compensation for his injuries from the railroad company, the law conclusively presumes that it "occasioned the whole injury." Hubbard v. Railroad, 173 Mo. 249.

JOHNSON, J.—Plaintiffs, practicing lawyers in Kansas City, brought this suit under the provisions of section 965, Revised Statutes 1909, to recover an attorney's fee of the defendants, the Excelsior Powder Manufacturing Company and the Kansas City Southern Railway Company. The defendants separately demurred to the petition, both demurrers were sustained, and plaintiffs appealed.

Material facts alleged in the petition are as follows: A train porter employed by the defendant Railway Company was injured, while on duty, by an explosion of powder and, claiming that his injury was caused by the negligence of both defendants, employed plaintiffs to prosecute his cause of action. The contract of employment was in writing and by its terms plaintiffs were to receive as compensation for their services

"fifty per cent of whatever amount said attorneys obtain in settlement of said claim either by suit or compromise." Further, it was agreed "that in case said first party (the client) shall settle or compromise said claim otherwise than through said attorneys, then said attorneys shall be entitled to a fee equal to that received by said first party, but said fee shall, in no event, be less than one hundred dollars."

Pursuant to this contract plaintiffs, on November 20, 1908, commenced a damage suit for their client in the circuit court of Jackson county against the defendant Powder Company alone and caused summons to be issued and served. In February, 1909, plaintiff "compromised and settled and released the cause of action upon which said suit was brought, and without the knowledge or consent of these plaintiffs, by receiving therefor the sum of sixty-five dollars from the said Kansas City Southern Railway Company." Afterward the Powder Company pleaded this release as a bar to the pending action and "such proceedings were had in said suit that it was dismissed because of said release." It is not claimed that notice of lien was served by plaintiffs on either of the present defendants.

The sole assignment of error in the brief of plaintiffs is that "the court erred in sustaining the separate demurrer of defendant, Excelsior Powder Manufacturing Company." Plaintiffs appear to have abandoned their demand against the Railway Company and we shall confine our inquiry to the only error assigned and discussed in the briefs.

The filing of suit against the Powder Company dispensed with the necessity of giving the notice of lien required by section 965, Revised Statutes 1909 (Taylor v. Railway, 207 Mo. 495), and we sanction the contention of plaintiffs that "any act of said defendant which destroyed the attorney's lien after it attached to the cause of action made said defendant liable to the attorneys in an independent action." [Yonge v. St.

Louis Transit Co., 109 Mo. App. 235; Taylor v. Transit Co., 198 Mo. 715; Curtis v. Railway, 118 Mo. App. 341.] But we do not accept as sound the further proposition that "by pleading the release of the Kansas City Southern Railway Company as a bar to the further prosecution of the suit and thereby electing to avail itself of the provisions of that contract, the defendant Powder Company took the benefit conferred by the release *cum onere.*"

When a principal profits by an unauthorized act or contract of his agent, the law imposes on him the burdens of the act or contract, not so much on the ground of implied authority as on "the more reasonable ground that the party having enjoined a benefit must take it *cum onere.*" [Mundorff v. Wickersham, 62 Pa. St. 89.]    Plaintiffs rely on this rule but we think it has no present application. In no sense do joint tortfeasors stand in any contractual or confidential relation to each other. They are jointly and separately liable whether they act in concert or independently. [Hubbard v. Railway, 173 Mo. l. c. 256.]

In a joint tort each is considered as sanctioning the acts of the others, thereby making them his own. Therefore, each is liable for the whole damage and there can be no separate estimate of the injury committed by each. The injured person has but one cause of action and while he may prosecute his action against all or only one of the wrongdoers he cannot split his cause. A valid release of one tortfeasor releases all for the reason that having but one indivisible cause of action a plaintiff in receiving satisfaction of part of his demand satisfies the whole, unless he should be permitted to split his cause which, as we have said, is a thing the law will not permit him to do.

And, further, the release of one tortfeasor operates as an estoppel of the plaintiffs to deny the liability of

the one realeased.    [Tompkins v. Railroad, 4 Pac. Rep.
1165.]    "The law considers that the one who has paid
for the injury committed the whole trespass and occa-
sioned the whole injury and that he has, therefore, sat-
isfied the plaintiff for the whole injury which he receiv-
ed."    [Kilpatrick v. Hunter, 24 Me. 18.]

"It does not lie in the mouth of such plaintiff to say
he has no cause of action against one who paid him for
his injuries, for the law presumes that the one who paid
committed the whole trespass and occasioned the whole
injury."    [Hubbard v. Railway, supra.]

When plaintiff's client settled his demand against
the Railway Company, he solemnly and conclusively con-
fessed that he had no cause of action against the Powder
Company.    He would be estopped from repudiating that
confession and if he made the settlement in good faith
and not fraudulently for the purpose of defrauding his
attorneys, they, likewise, are estopped from ascertain-
ing that he had a cause of action against the Powder
Company.    [Curtis v. Railway, supra.]    There is no
suggestion of such fraud in the petition and we must
hold that plaintiffs are not entitled to collect their fee
from the Powder Company.    Their rights are derivative
and are no greater than their source, viz., the cause of
their client.    The judgment is affirmed.    All concur.