JAMES McKIM, Appellant, v. METROPOLITAN STREET RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, June 11, 1917.

1. NEGLIGENCE: Joint Wrongdoers: Release of One: Covenant not to Sue. A release of one of several joint *tort feasors* discharges all; but a covenant not to sue one of several will not discharge the others.

2. **WRITTEN CONTRACT:** Parol Evidence: Parties: Strangers. Though neither party can have parol evidence to vary the terms of a written contract, this rule does not apply to strangers or third parties.

3. ———: ———: Stranger: Litigant: Parol Evidence: Both Parties. If a stranger to a written contract litigating with one of the parties to such contract, he may have parol evidence to show that it does not express the real agreement; and in such case the other litigant, though a party to the contract, may also have such evidence.

4. **MISTAKE OF LAW:** Contract: Reform. Though ordinarily there is no relief against a mistake of law, yet if by mutual mistake as to the legal effect of a written contract, it does not express the terms of the contract, it may be reformed so as to make it conform to the real contract made.

Appeal from Jackson Circuit Court—*Hon. Daniel E. Bird,* Judge.

REVERSED AND REMANDED.

*Cowherd, Ingraham & Durham* for appellant.

*Clyde Taylor* and *Charles A. Stratton* for respondent.

ELLISON, P. J.—Plaintiff was a conductor in one of defendant's street railway cars. He was injured at a crossing with the tracks of the Missouri Pacific Railway Company. He charged his injury to the joint negligence and wrong of that company and defendant. For the sum of six hundred dollars he released the Missouri Pacific Company by duly executed written paper. He then brought the present action against the defendant, the street railway company and the latter in its answer, pleaded such release as operating its own discharge also. Plaintiff then in his reply sought to avoid the release by a plea that it was intended only as a covenant not to sue the Missouri Pacific, and that, by mistake, it was made to read as a release; and at the trial he sought to prove this by parol testimony and the court refused to permit him. Judgment was rendered for defendant.

196 M. A.—35

We decided in Arnett v. Railroad, 64 Mo. App. 368, that a release of one of several joint tort-feasors discharge all; but that a covenant not to sue one of several would not discharge the others; and so we have since repeatedly decided. [McDonald v. Grocery Co., 184 Mo. App. 432; Pickett v. Wren, 187 Mo. App. 83; Hawkins v. Railroad, 182 Mo. App. 323; Laughlin v. Powder Co., 153 Mo. App. 508.] And so it has been determined by the St. Louis Court of Appeals. [Judd v. Walker, 158 Mo. App. 156; Lumber Co. v. Dallas, 165 Mo. App. 49.]

The parties hereto concede this to be the law, but the proposition presented by plaintiff is that he has a right to show, by parol testimony that the release paper does not contain the real contract between him and the Missouri Pacific—that the real agreement was one of covenant not to sue instead of release. He recognizes the rule that in the absence of fraud, accident or mistake, parol evidence is not admissible to vary the terms of a written contract; but claims that such rule only applies to the parties and privies to the contract and has no application to strangers, and insists that the defendant railway company is a stranger to that contract, and this last insistence is the chief point of difference between the parties. That a third party, or stranger, cannot invoke the rule is settled by authority and good reason. [1 Greenleaf on Evidence, sec. 279; McKee v. St. Louis, 17 Mo. 184, 190.]

That the defendant street railway company is a stranger to the contract in this case, and having had nothing to do with such contract, is not bound by it, and, if it should be to its interest to do so, could introduce parol evidence to show that the writing did not contain the contract, must be admitted. If the defendant may question it, then, also, may the plaintiff, though one of the parties to it, since it would be unjust to give the privilege to one of the litigants and deny it to the other. [McMaster v. Ins. Co., 55 N. Y. 222, 234; O'Shea v. Railroad, 105 Fed. 559; Nashville Interurban Ry. v. Gregory, 193 S. W. 1053, 1057 (Tenn.); Dunn v. Price, 112 Cal. 46, 51; Johnson v. Von Scholley, 218 Mass. 454, 457, 458.]

There are two cases decided by the Supreme Court of Massachusetts, and perhaps some others, that seem to be opposed to this view. [Brown v. Cambridge, 3 Allen 474; Goss v. Ellison, 136 Mass. 503.] But we think the view we have taken has the better support, and we gave expression to that view in the case of Dennison v. Aldrich, 114 Mo. App. 700, 708. [See, also, Laughlin v. Powder Co., 153 Mo. App. 508.]

We now come to what we regard as a point equally serious to that above discussed as to the right to vary the terms of the contract. Of course unless the force of the release is avoided plaintiff must fail. The first introduction of such release appears as new matter in defendant's answer and therefore the attempted avoidance thereof and the grounds therefor, must appear in plaintiff's reply and we find from it that the ground of avoidance is that it was executed by mistake. There is no allegation of fraud. It is true that in the first part of the reply it is alleged that Larrimore (who was acting for the Missouri Pacific Co.) "wrongfully" procured plaintiff to sign the release, yet that refers merely to the effect of what Larrimore did, for the entire pleading affirmatively and repeatedly alleges that Larrimore was acting in good faith and that he believed and plaintiff believed that the contract was a covenant not to sue and not a release. The reply clearly shows there was no mistake by either party as to what was written in the contract, and that the "mistake and misapprehension" was as to the *legal effect* of the contract, it being explicitly stated that they thought it amounted to a covenant not to sue.

The contest between the parties is thus narrowed down to the question whether plaintiff is entitled to any relief from a mistake of law, that is, a mistake as to the legal effect of an instrument which does not contain the real agreement made. It is broadly stated that one knowing the facts is not entitled to relief against a mistake of law (Hendrix v. Wright, 50 Mo. 311) and this applied to plaintiff would prevent any relief to him under his pleading. But the rule is softened so that if a written in-

strument, though its contents are known to the parties, fails, by reason of mutual mistake as to its legal effect, to state the real contract made by the parties, it may be reformed so as to express, in proper terms, the contract as made. [Corrigan v. Tiernay, 100 Mo. 276; Williamson v. Brown, 195 Mo. 313, 331.]

The foregoing consideration makes necessary to notice other points suggested by defendant as fatal to plaintiff's case.

It is said that the petition is insufficient in that it stulifies and contradicts itself. There are parts of the petition to which the criticism will apply and if an objection had been interposed it probably would have been sustained by the trial court. But having gone to trial everything save a failure to state a cause of action was waived. For we do not believe that the manner of statement was contradictory to such degree as to fail entirely to allege a cause of action. [O'Brien v. Transit Co., 212 Mo. 59, 68, 69.]

But in addition to this, there was a further allegation which in any event saved the petition from the charge of total failure to state a cause of action; viz: "And that the motorman employed by the defendant and who was in charge of the motive power of said car at the time of the injury to the plaintiff as hereinafter set out, negligently and carelessly failed to stop said car before reaching the track of the said The Missouri Pacific Railway Company, . . . [Sec. 3303, R. S. 1909.]

The trial was not had in accordance with the views herein expressed and the judgment is reversed and cause remanded. All concur.