JAMES GRAHAM AND WIFE, Respondents, *v.* ANDREW KING *et al.*, Appellants.

1. *Notices, legal — English in German paper.* — When legal notices are to be published in a newspaper, an English paper is always intended unless expressed to be otherwise. In the absence of such direction an English advertisement inserted in a German newspaper is bad.
2. *Trustee cannot delegate power of sale — Must be present in person.* — A trustee must in person supervise and watch over the sale of the trust property, and adjourn it if necessary, to prevent a sacrifice of the property. And no one can do it in his stead unless empowered thereto in the instrument conferring the trust. A trustee cannot delegate the trust or power of sale to a third person, and a sale executed by such delegated agent is void.

*Appeal from St. Charles Circuit Court.*

*A. E. Lewis* and *Wm. A. Alexander*, for appellants.

*Orrick & Emmons*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

The respondents, Graham and wife, executed a deed of trust on a piece of land lying in St. Charles county to secure the payment of a debt, and one of the appellants (King) was made the trustee therein. The deed contained the usual and ordinary provisions, and after default was made in the payment of the debt, authorized the "said King as trustee to proceed to sell the property" after having given the requisite notice in some newspaper published in St. Charles county. Payment not being made when the note became due, King advertised the property for sale in the St. Charles *Democrat*, a German newspaper, but the notice was inserted in the English language. There were two English papers published in St. Charles county, one, the *Cosmos*, having an equal circulation with the *Democrat*. At the sale, King, the trustee, was not present, but left the matter in the hands of his son, a minor. It is alleged that the property sold for greatly below its value, and an injunction was asked to restrain the trustee from making a deed to the purchaser at the sale. After hearing the proof the court below decreed a perpetual injunction.

1. The notice published in the German paper was obviously bad. When notices are to be published in a paper, an English paper is always intended unless it is expressed to be otherwise. The insertion of an English advertisement in a German paper would generally give less publicity to it than if it were published in the German language, as those among whom the paper circulates would not be able to read it in the English tongue. And if it were published in German, then it would be a sealed book to the most of those who read and speak English. The trustee acted without authority in this matter, and the notice was palpably insufficient.

2. The office and duties of a trustee are matters of personal confidence, and he must exercise a just and fair discretion in doing whatever is right for the best interest of the debtor. He must in person supervise and watch over the sale, and adjourn it if necessary, to prevent a sacrifice of the property, and no one can do it in his stead unless empowered thereto in the instrument conferring the trust. A trustee cannot delegate the trust or power of sale to a third person, and a sale executed by such delegated agent is void. (Perry Trusts, § 779 and notes.)

Judgment affirmed. The other judges concur.