Bales v. Perry, et al.

———o———

WILLIAM BALES, Defendant in Error, *vs.* BENJ. A. PERRY, *et. al.*, Plaintiff in Error.

1. *Mortgages and Deeds of Trust—Power of sale—Trusts and Trustees— Trust power cannot be delegated.*—A special authority must be strictly pursued; and the office and duties of a trustee being matters of confidence cannot be delegated by him to another, unless an express authority to do so be conferred on him by the instrument creating the trust. He is incapacitated from delegating any duty, unless the power is expressly given, which involves the exercise of any discretion or judgment. Mere mechanical or ministerial duties, as, for example, causing advertisements of sale to be put up, proclaiming the sale at auction, and receiving bids, may be done by others. The particular medium of advertisement, the manner of conducting the sale, the best method of offering the property, and the question of postponement of the sale, are matters regarding which, when they are not prescribed by the instrument under which he acts, special trust and confidence are reposed in the trustee; and they cannot be delegated to an agent.

2. *Estoppel—What constitutes—Party setting up must have been misled—Cannot set up when he has some knowledge or means of knowledge—Silence— Fraud—Title—Deed—Record.*—No man can set up another's act or conduct as the ground of an estoppel, unless he has himself been deceived or misled by such act or conduct, nor can he set it up when he knew or had the same means of knowledge of the truth as the other party. Silence only estops when it becomes a fraud. If a man holds title to his lands by deed which has been duly recorded, it is all the notice he is bound to give as long as he remains passive.

### Error to Kansas City Court of Common Pleas

*Franklin & Napton,* for Plaintiffs in Error cited in argument:

(1.) As to exercise of discretion by trustee; McKnight vs. Wimer, 38 Mo., 132; Singleton vs. Scott, 11 Iowa, 589; Pearron vs. Jamison, 1 McLean, 197; Platt vs. McCullough, *Id.*, 69, and cases there cited.

29—VOL. LI.

| 51 | 449 |
| 97 | 273 |
| 51 | 449 |
| 34a | 498 |
| 34a | 633 |
| 51 | 449 |
| 102 | 580 |
| 51 | 449 |
| 103 | 501 |
| 51 | 449 |
| 51a | 259 |
| 52a | 421 |
| 51 | 449 |
| 121 | 60 |
| 125 | 298 |
| 51 | 449 |
| 82a | 638 |
| 51 | 449 |
| 66a | 467 |
| 51 | 449 |
| 143 | 492 |
| 144 | 445 |
| 51 | 449 |
| 155 | 522 |
| 51 | 449 |
| 162 | 436 |
| 51 | 449 |
| 101a | 398 |
| 51 | 449 |
| 98a | 64 |

(2.) As to estoppel, Lamb vs. Goodwin, 10 Ired, 320 ; Chown
ing vs. Cox, 1 Rand., 306; 3 Leigh, 654 ; Wilburn vs. Spot
ford, 4 Sneed, 704 ; Kellogg vs. Carrico, 47 .Mo., 157; Jones
vs. Moore, 42 Mo., 413 ; Medsker vs. Swaney, 45 Mo., 273.

*Shephard & Slavens*, for Defendant in Error.

The only point we deem it necessary to call the attention of
the Court to, is the fact that the evidence shows that the
trustee Benjamin Perry was not present at the sale.

At the time of the sale the plaintiff was in Weston, Platte
county, Mo., where he resided, and until the trial of this cause
had not been in Kansas City for nearly twenty years. Gra-
ham vs. King, 50 Mo., 22 ; and authorities there cited.

Ewing, Judge, delivered the opinion of the court.

William Bales filed his bill in the Circuit Court of Jackson
County, to redeem certain real estate which had been sold un-
der a power of sale in a mortgage deed executed by him to B.
W. Perry, one of the defendants, in 1862, to secure a debt of
thirteen hundred and eighty-two dollars.

The mortgage contains a clause to the effect that the said
Perry, party of the second part, or the Marshall of Kaw town-
ship, may sell the property at public vendue for cash at the
Court House in Kansas City, first giving twenty days notice
of time, terms and place of sale in some newspaper published
in that city. The property consisted of some twenty lots in
Ransom's Addition to Kansas City, and they were sold for six-
teen hundred dollars, some eight hundred dollars less than
the amount of the debt including interest.

The bill alleges and the answer admits that one H. B. Bou-
ton acted as the agent of Perry in advertising the property
and in conducting the sale, and that Perry was not present at
the sale but at his home in Weston, where he had resided
many years. The evidence shows that Perry prepared the ad-
vertisement and sent it to Bouton, with directions to have it
published in a Kansas City paper, but did not name any partic-
ular paper ; that he gave Bouton no particular directions as
to the manner of selling the property, but simply directed

him to sell it and make the money out of it if he could. Charles A. Perry, one of the defendants, purchased the property for himself and his co-defendant, E. H. Perry.

The lots, which were twenty-five feet front, each, were sold two together—the agent and auctioneer deeming this the best mode of making the sale. The evidence was somewhat conflicting as to the value of the property. The witnesses who from their vocation as real estate dealers, would seem to be the most competent judges, estimated it at about twenty-six hundred dollars, but this point is not urged as a ground for the relief sought. The Court rendered a decree allowing plaintiff's to redeem on the grounds, therein stated.

The first and principal question in this case is, whether the power to sell has been well executed. It is a familiar rule of law that a special authority must be strictly pursued, that the office and duties of a trustee being matters of confidence cannot be delegated by him to another, unless an express authority be conferred on him by the instrument creating the trust. (Hill, Trust., 175.) He is incapacitated from delegating any duty, unless the power is expressly given, which involves the exercise of any discretion or judgment. Mere mechanical or ministerial duties, as for example, causing advertisements of sale to be put up, proclaiming the sale at auction, and receiving bids may be done by others. (Powell vs. Tuttle, 3 Com., 396.)

But it is claimed that no *substantial* part of the duties or power of the mortgagee was delegated to the agent Bouton. The rule above stated furnishes the test; and a ready solution of the question is found in the application of this test to the facts of the case. All powers and duties which require the exercise of judgment or discretion are *substantial*, and cannot therefore be entrusted to another. The mortgage, in the present case, prescribed the place and terms of sale, the notice to be given thereof and the medium through which it should be given, *i. e.*, a newspaper; and left all else to the discretion of the trustee himself.

The particular medium of advertisement and the manner of

conducting the sale, are matters upon which the instrument is silent and in reference to which a special trust and confidence are reposed in the trustee; and these are the powers with which the trustee attempted to invest the agent, and which the latter actually exercised. It is manifest that these comprise the principal and most important duties devolving upon the trustee, and if they can be transferred to another, the instrument ceases to be actually the source and measure of the trustee's power and authority. The discretion exercised by the trustee in conducting a sale, involves of course, the consideration by him of everything affecting the interests of the parties to the instrument, and he must not only use good faith, but such a degree of diligence as to bring the property to sale under the best possible circumstances, and such as will promise the best results to those concerned. To this end he must exercise his best judgment as to the proper mode of offering the property for sale, whether in parcels or in a lump; also as to a postponement of the sale under any given state of circumstances, of which he alone is the judge, and in selecting the medium of publication.

Whether, in point of fact, the sale of the property was conducted in all respects judiciously or not, or in a manner most conducive to the interests of those concerned, are questions not involved in this case. This would be a legitimate inquiry in a proceeding to set aside a sale made under the power conferred by the instrument. I am of opinion that Bouton had no power to sell the property, and that such sale passed no title to the purchaser.

See the case of Graham vs. King, 50 Mo., 22, in which a sale made under circumstances similar to those in the present case was held void.

The defendants invoke the doctrine of estoppel, and maintain that inasmuch as Bales the mortgagor was present at the sale, and made no objection to it, he is thereby concluded.

The case of Medsker vs. Swaney, et al., 45 Mo., 273, cited in support of this position, does not sustain it. The sale in that case was made by the mortgagee, who had the power to

sell under the mortgage, in person, and the purchase of the property by him was the result of a previous understanding between him and the mortgagor, the latter fully assenting to and confirming all that had been done after the sale was made. The other cases cited by counsel were decided on special grounds which are not applicable to the case at bar.

The Courts all concur in this, that no man can set up another's act or conduct as the ground of an estoppel, unless he has himself been misled or deceived by such act or conduct; nor can he set it up where he knew or had the same means of knowledge as to the truth of the statement as the other party. The primary ground of the doctrine is, that it would be a fraud on a party to assert what his previous conduct had denied, when on the faith of that denial others have acted. The element of fraud is essential either in the intention of the party estopped, or in the effect of the evidence which he attempts to set up. (Ormsby vs. Ihmsen, 34 Penn. St., 472; 31 Penn. St., 334; 3 Washburn, 78.)

Though silence in some cases will estop a party from speaking afterwards, yet "it is only when it becomes a fraud that it postpones." If, therefore, the truth be known to both parties, or if they have equal means of knowledge, there can be no estoppel. (31 Penn. St., *supra*.) If a man holds title to his lands by deed which has been duly recorded, it is all the notice he is bound to give so long as he remains passive. (3 Washburn, 75, and authorities there cited.)

Now what are the facts. Bales the mortgagor, was present it is true, at the sale; but it is not pretended that he said or did any thing that misled or deceived the purchaser, or in any manner influenced his conduct. He chose to remain passive and silent. Had he not a right to be so? Was he under any obligation to speak?

That he was not, is clear upon well settled principles, and from the authorities above cited. Perry, the purchaser of the property, was the brother of the mortgagee, was present at the sale, and besides the constructive notice imparted by the record of the mortgage deed, he had actual knowledge for years

Bowie v. Kansas City.

of the existence of the debt and the mortgage, and that Bouton acted for his brother in conducting the sale. He knew or was presumed to know that the deed gave the mortgagee no power to delegate his authority to another. He bought the property with knowledge of the rights and title of Bales, and of the duties of the mortgagee as trustee under the deed.

The decree of the Circuit Court is affirmed. The other judges concur.