————o———

JAMES H. VAIL, Appellant, *vs.* LILLEY A. JACOBS, Respondent.

1. *Trustee's deed, recitals in not prima facie evidence, when.*—In the absence of a provision therein to that effect, the recitals contained in a trustee's deed are not *prima facie* evidence of their truth. (Neilson vs. Chariton County, 60 Mo , 385.)

2. *Trustee's sale in absence of trustee, void.*—The absence of a trustee at a sale under his deed of trust, is fatal, and the sale is void.

3. *Deed of trust, sale under at a sacrifice may be set aside.*—Where a trustee permits property to be sacrificed under his deed of trust, by sale for a little over a tithe of its value—as where property worth from $5,000 to $8,000 is sold for $1,000—the sale will, on timely application, be set aside.

*Appeal from St. Louis Circuit Court.*

*Reynolds & Relfe,* for Appellant, cited Am. Law Reg., 2 vol. [N. S.] p. 711-12, § 20, and cases cited ; Doe vs. Robinson, 24 Miss., 688 ; Singleton vs. Scott, 11 Ia., 589 ; Howard vs. Thornton, 50 Mo., 292 ; Bates vs. Perry, 51 Mo., 449 ;

Graham vs. King, 50 Mo., 23 ; Longworth vs. Butler, 8 Ill., 32, 44 ; Stine vs. Wilkson, 10 Mo., 94 ; Goode vs. Comfort, 39 Mo., 328 : Wright vs. Wilson, 2 Yerg., 394 ; Wallace vs. Easton, 5 How. Pr., 102, 103 ; Am. Law Reg., vol. 2, [N. S.] pp. 724. 726, 729, §§ 31. 32, 36, and authorities cited ; Gibson's Heirs vs. Jones, 5 Leigh, [Va.] 370 ; Norman vs. Hill, 2 Pat. & Heath, [Va.] 676.

*Krum & Madill,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff brings this suit to set aside the sale of his land made under a deed of trust ; to cancel the deed made by the trustee, as well as subsequent deeds, for permission to redeem, for an account of the rents and profits, and for possession. The property has a frontage of fifty feet on Olive street, by a depth of one hundred and thirty-one feet, and is situate between Ewing and Leffingwell Avenue. The defendant, Mrs. Jacobs, formerly Mrs. Nagus, is in possession, claiming under a deed made to her by Hazel, who conveyed to her on the same day that the deed of Nagus, her former husband, was made to him, and for the same expressed consideration.

Our consideration will be directed and restricted to the questions discussed by counsel in this court, and which, so far as an opinion can be formed, were the theme of discussion in the court below.

The salient points thus presented are in relation to the presence of the trustee at the sale, and the price at which the property sold. We have given great attention to the testimony, but have not been able to arrive at a result at all coincident with that reached by the trial court.

It is to be observed, in the first place, that the deed of trust does not, as is usual, contain a provision that the recitals contained in the deed of the trustee, shall be *prima facie* evidence of their truth. In the absence of any such proviso, some evidence would have to be introduced in support of the

recitals of the trustee's deed. (Carter vs. Abshire, 48 Mo., 300 ; Neilson vs. Chariton Co., 60 Mo., 386.)

The evidence offered by defendant was sufficient, perhaps, to supply the lack of a proviso of this sort, sufficient to make out a case strong enough on the point of the presence of the trustee at the sale, did that evidence stand alone and uncontradicted, to warrant us in accepting as a fact, the allegation of the answer in reference to his presence. But that evidence is by no means without contradiction. We have the testimony of two witnesses, one of whom at least, was disinterested, who went to the place of sale beforehand, with the express object in view of seeing whether the trustee would be there, who remained until the sale was over, and who both unite in the statement that the trustee was not present.

The opposing testimony offered by the defendants we do not regard as overthrowing that just referred to, and this for several reasons : It is not to be expected that a witness who casually happens at a certain locality would observe surrounding occurrences with that degree of accurate attention which one would who comes with a single object in view, and on which his perceptions are actively centered. As to the auctioneer who cried the sale, his memory appears to grow fresher with the lapse of years, and his testimony to gather confidence in an inverse ratio to the length of time intervening between events and the date of his testimony concerning them. On the trial of an ejectment for the possession of the property in controversy, occurring within a short period after the sale took place, this witness, according to the testimony of two attorneys who called him on the stand in relation to the point, testified to the presence of the trustee at the sale with great hesitancy, saying, in substance, he was not certain whether the trustee was present ; his impression was that he was present, and that the witness had procured him to come. And yet this witness could not remember of having testified at all in reference to the trustee's presence. And the memory of the trustee, who, of all men, would be supposed to recollect with distinctness as to his own presence,

is almost a blank; the only point he is clear on, one that needed no proof from him, is his execution of the deed. He could not call to mind whether he was present or not at the sale, nor whether he was a witness at the trial of the eject-ment cause. But we have the testimony of two witnesses directly to the point, that he did testify in that cause, in re-gard to his presence one of whom, Mr. Crane, states that the trustee on that occasion, a few months after the sale, stated "he did not recollect of being present; but his impression was he was not present at the sale."

Under these circumstances the presence of the trustee when the sale occurred, cannot be regarded as satisfactorily estab-lished. And this defect, according to our previous decisions, as well as adjudication elsewhere, is fatal. (Graham vs. King, 50 Mo., 22; Howard vs. Thornton, Id., 292; Bales vs. Perry, 51 Mo., 449.) But even if the evidence warranted us in making the concession that the trustee was actually present at the sale, we could not then consent to an affirmance of the judgment dismissing the plaintiff's petition. And for these reasons: The property was sacrificed. The testimony tends very strongly to produce the belief that the house and lots were worth from $5,000 to $8,000, and yet they were struck off to Nagus, the assignee of the notes, the only bidder at the sale, for $1,000.

The trustee testifies, that at the time the sale occurred there was "a good deal of depreciation in property, and I was trustee in a great many cases: and in some instances I re-fused positively to act." Why then did he act in the case at bar? He should, if present at the sale, and finding that the property was about to be sold for a little over a tithe of its value, have postponed the sale, and awaited a more auspi-cious moment. It was his "clear duty" to have done this. (Johnson vs. Eason, 3 Ired. [Eq.] 336.)

Neither the law nor the parties intend that the trustee shall be a nose of wax, a mere figure-head, in the hands of the creditor and of the auctioneer. He is placed in a position to act fairly by all interested, and when he fails in his duty

in this regard, the sales he makes will be set aside on timely application. (Stoffel vs. Schroeder, *post*, p. 147.)

Holding these views, the judgment will be reversed and the cause remanded. Judge Vories absent. The other judges concur.