BRICKENKAMP, *Plaintiff in Error*, v. REES.

**Trustee must be Present at his own Sale.** When a sale is made under a deed of trust, it is the duty of the trustee to be present for the purpose of observing its progress, protecting the interests of the parties concerned, rejecting fraudulent bids, and if necessary, adjourning the sale; and he must be present during the whole sale. It is not sufficient that he is present at its opening and close, if he absents himself during its progress.

*Error to St. Louis Court of Appeals.*

*P. E. Bland* and *A. McIlhinney* for plaintiff in error.

*T. W. B. Crews* and *C. M. Napton* for defendant in error.

Hough, J.—The plaintiff's intestate executed and delivered to the defendant, Rees, as trustee, a deed of trust of certain land in Franklin county, to secure the payment of certain notes to the defendant Jones, the *cestui que trust* in said deed. After default in the payment of the notes, and upon the request of the defendant Jones, the holder thereof, and after due notice given by the trustee of the time, terms and place of sale, and of the property to be sold, said land was sold, and the defendant Jones became the purchaser. Jones having refused to pay the purchase money, the present suit was instituted for specific performance. The separate answers of the defendants admitted the sale and purchase by Jones; and, with other defenses in avoidance thereof, averred that the defendant, Rees, was not present at the auction. The circuit court found the issues for the defendant, and dismissed the plaintiff's petition. This judgment was affirmed by the court of appeals, and the plaintiff has brought the case here by a writ of error.

The sale took place at the court house door in Union, the auctioneer or crier standing in the door, and the persons attending the sale, eight or ten in number, being inside in the hall. The testimony as to the presence of the trustee during the sale was conflicting. Four witnesses testified that he was present, and three, including the trustee, testified that he was not. It is conceded that he was present at the court house door before the sale began, and that after the sale was over he went with the crier and the purchaser, Jones, into the collector's office a few feet distant from the door where the sale was made. The trustee tes-

tified that during the sale he was not at the court house, but in a saloon on the opposite side of the street, and that he was not present at the sale because he did not think it was necessary for him to be there. Some of the witnesses who testified that he was present were bidders, and were more observant, doubtless, of other matters than of the presence or absence of the trustee. The positive testimony of the trustee, who, so far as the record shows, is entirely disinterested, must, under the circumstances, be regarded as conclusive of his absence, especially as he is corroborated in this particular by the crier, who, in soliciting bids, would very naturally observe the entire assemblage, inasmuch as it was a small one.

The counsel for the plaintiff contends, however, that such absence from the place of sale as that testified to by the trustee, will not avoid the sale; that he was present at its conclusion to do all that he could have done, had he been present at the actual crying of the sale. In this, we think, the learned counsel for the plaintiff is in error. It was the duty of the trustee to be present during the crying of the sale, to observe the progress thereof, protect the interests of the parties concerned, to reject fraudulent bids made to frustrate the sale, and, if necessary, to adjourn the sale. *Graham v. King*, 50 Mo. 22; *Bales v. Perry*, 51 Mo. 452; *Vail v. Jacobs*, 62 Mo. 130; Perry on Trusts, §§ 779, 780; *Gray v. Veirs*, 33 Md. 18. If, however, the auctioneer may lawfully make a sale in the absence of the trustee, and should, during his absence, accept a bid, declare the person making the same to be the purchaser, and by a proper memorandum in writing complete the sale, it would be out of the power of the trustee to set such sale aside. *White v. Watkins* 23 Mo. 427. And in this way the trustee might substitute the auctioneer for himself in the exercise of that very discretion which the law declares is a personal trust and cannot be delegated by him. The trustee, himself, should be present to sanction the acceptance of the bid by the auctioneer before any binding memorandum of the

sale is made. Whether the sale was, in fact, judiciously conducted, and advantageous in its terms to the debtor, are questions not involved in the present inquiry. *Bales v. Perry*, 51 Mo. 452.

The judgment of the court of appeals will be affirmed. The other judges concur.

AFFIRMED.