ALBERT C. WURMSER, Respondent, v. PHILIP A. FREDERICK, Appellant.

Kansas City Court of Appeals, May 20, 1895.

1. **Evidence:** PHOTOGRAPH. The use of photographic pictures in elucidating and explaining oral evidence is now generally approved by the courts.

2. **Justices' Courts:** STATEMENT: CONVERSION: OFFICER. A statement in a justice's court for a conversion is *held* sufficient and the defendant is held liable, since he secured the writ of attachment and directed the constable to make the levy and was with the officer responsible therefor.

3. **Estoppel:** SILENCE: RECORD. Standing by in silence will not bar a man from asserting a title of record in a public record so long as no act is done to mislead the other party; there is no duty to speak in such case.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*L. T. Collier* for appellant.

(1) The admission of the photographs in evidence was erroneous. *Tome v. Railroad*, 39 Mo. 93; *Railroad v. Greene*, 56 Md. 84; 17 American Reports, 540; *Will of Foster*, 34 Mich. 21; *Williams v. Earle*, 44 N. Y. 166; *Eborn v. Zimpelman*, 47 Tex. 503; *Hollenbeck v. Rowley*, 118 Mass. 420; 18 Am. and Eng. Encyclopedia of Law, 424. (2) Respondent's instructions given by the court did not present the law of the case. Authorities first cited; Jones on Chattel Mortgages, sec. 247; *Burnett v. Gustafson*, 54 Iowa, 86; 6 N. W. Rep. 132. (3) The court erred in refusing to give the instructions offered by appellant. *Orebaugh v. Davis*, 44 Mass. 598; *Passenger v. Stamford*, 1 Bailey, 237, 16 S. E. Rep. 713; Cooley on Torts, 477.

*Leon Block* for respondent.

(1) The statement of plaintiff is sufficient. The word conversion itself implies an unlawful act. Anderson's Law Dictionary, page 253. (2) The photographs were competent evidence on the question of identity. *Ruloff v. People*, 45 N. Y. 213, *loc. cit.* 224; *Cowley v. People*, 83 N. Y. 464, *loc. cit.* 476; *Archer v. Railroad*, 106 N. Y. 589, *loc. cit.* 603; *People v. Buddensiek*, 103 N. Y. 509; *Luke v. Calhoun Co.*, 52 Ala. 118; *Church v. Milwaukee*, 31 Wis. 519; *Underzook v. Commonwealth*, 76 Pa. St. 340; *Locke v. Railroad*, 46 Iowa, 109 (bottom of page 112); *Franklin v. State*, 69 Ga. 42; *State v. O'Reilly*, 29 S. W. Rep. 577; *Blair v. Pelham*, 118 Mass. 420. (3) There is no estoppel in this case. "Standing by in silence will not bar a man from asserting a title of record in the public registry, so long as no act is done to mislead the other party; there is no duty to speak in such case." Bigelow on Estop-

pel, page 575 (citing numerous authorities). Such is the law in Missouri. *Bales v. Perry*, 51 Mo. 449, *loc. cit.* 453; *Blodgett v. Perry*, 97 Mo. 263, *loc. cit.* 272.

GILL, J.—In October, 1892, plaintiff, Wurmser, sold certain household furniture to one W. D. Smith, who paid a portion of the price and gave to Wurmser a chattel mortgage on the goods to secure the balance. The mortgage was in the usual form and was acknowledged and recorded. In the January following, defendant, Frederick, sued Smith in attachment, and went with and directed the constable to levy on the mortgaged goods. The furniture was taken into the custody of the officer, subsequently sold, and the proceeds applied to the satisfaction of Frederick's judgment against Smith. These facts thereafter coming to Wurmser's knowledge (and Smith, too, having defaulted), he sued Frederick before a justice of the peace, for a conversion of the property. On a trial in the circuit court, where the case was taken by appeal, plaintiff had judgment for $25 and defendant appealed.

At the trial, one of plaintiff's witnesses (a clerk in the store from which the goods were sold) was permitted to use some photographs, in explaining to the jury the description and quality of the furniture in dispute. They were pictures of the same patterns of furniture as those in controversy, though not of the identical goods. Defendant objected to this character of evidence, and the court's ruling thereon furnishes the principal matter of complaint here.

Even if technically erroneous, it was a matter of such little consequence that we should not, for that reason, feel warranted in reversing the judgment. But we think the ruling was not error. The use of photographic pictures in elucidating and explaining oral evi-

dence is now generally approved by the courts. In the description of persons, places or things, they are often .called in to aid the use of words. The witness may be unable to portray in definite, intelligible language the idea intended to be conveyed to the jury; and hence, photographs, maps, plats or diagrams may, and often do, serve to impart a clearer idea of what the witness may have in mind. And so in this case, the party testifying as to the nature and description of the goods in controversy was correctly allowed to use the photographic pictures (which he said correctly represented the articles) to advise the jury with more precision than he was otherwise able to do. In point, consult: Bradner on Evi., sec. 28; Underhill on Evi., p. 59, etc.; 18 Am. and Eng. Encyclopedia of Law, 424.

The objection to the sufficiency of plaintiff's complaint filed before the justice is entirely without merit. It was sufficient even had the cause been brought in the circuit court, where the ordinary rules of pleading are to be applied. There was included in the statement such allegations of fact as made the defendant guilty of a wrongful conversion of plaintiff's property. It was immaterial that the goods were, in fact, taken into possession by the constable and not by defendant, since he secured the writ of attachment and directed the constable to make the levy. The goods were seized in pursuance of defendant's order and taken away by his express direction. The defendant was then a party to the trespass, and, equally with the officer, responsible therefor. The instructions were entirely fair to the defendant, and the evidence warranted the verdict.

Perceiving no error in the record, the judgment will be affirmed. All concur.

ON MOTION FOR REHEARING.

GILL, J.—It is claimed that in the foregoing opinion we have overlooked the fact that the mortgagee Wurmser had notice of the institution of Frederick's attachment suit in time to have intervened and stopped the sale of the goods by the constable, but failed to do so, and it is urged, therefore, that said mortgagee is estopped from asserting any title to such goods.

While standing by in silence will sometimes estop a party from claiming property he sees being disposed of as that of another, yet this rule will not apply in cases where both parties understand the true condition of the title. "It is settled law that standing by in silence will not bar a man from asserting a title of record in the public registry, or other like office, so long as no act is done to mislead the other party; there is no duty to speak in such a case." Bigelow on Estop. [5 Ed.], p. 594.

In a case involving this question, our supreme court has said: "Though silence in some cases will estop a party from speaking afterward, yet it is only when it becomes a fraud that it postpones. If, therefore, the truth be known to both parties, or if they have equal means of knowledge, there can be no estoppel. If a man holds title to his lands by deed, which has been duly recorded, it is all the notice he is bound to give, so long as he remains passive." *Bales v. Perry,* 51 Mo. 453. See, also, to same effect, *Blodgett v. Perry,* 97 Mo. 273; *Brinckerhoff v. Lansing,* 4 Johns., ch. 70; *Bigelow v. Topliff,* 25 Vt. 286, 287; *Carter v. Champion,* 8 Conn. 554.

In the case at bar, Wurmser's mortgage was on file duly recorded in the proper office, at the time Frederick caused the property to be seized and sold on attachment. He had, therefore, notice of Wurmser's rights,

and there is not a *scintilla* of evidence that Wurmser said or did anything to induce Frederick's action. The evidence shows conclusively that though he (Wurmser) may have heard that Frederick had attached the goods, he was yet ignorant of their whereabouts until after the sale by the constable. He was not, then, present at the sale, and did nothing to warrant Frederick in the belief that he (Wurmser) made no claim to the goods. There was no evidence in the case upon which to base an estoppel.

Motion for rehearing overruled.