**CITIZENS BANK OF EDINA,**
**Respondent,**

v.

**WEST QUINCY AUTO AUCTION, INC.,**
**et al., Appellants.**

**No. 69560.**

Supreme Court of Missouri,
En Banc.

Dec. 15, 1987.

Rehearing Denied Jan. 20, 1988.

Jay Benson, Kirksville, for appellants.

John B. Morthland, Marion F. Wasinger, Hannibal, for respondent.

BILLINGS, Chief Justice.

This case was transferred to this Court by the Missouri Court of Appeals, Eastern District, for reexamination of the rule of law that declares void a foreclosure sale under a deed of trust where the named trustee was not present and the sale was conducted by a third person. The Court concludes the rule of law initially declared in 1872 has long been recognized as settled by the Bench and Bar of this State; and,

the principles and reasons supporting the rule remain sound. The judgment of the trial court is reversed.

The facts are brief and not in dispute. West Quincy Auto Auction, Inc. executed a deed of trust on real estate to secure a note to Citizen's Bank of Edina. Tom B. Brown, an Edina attorney was named trustee and given power of sale in the event of default by West Quincy Auto Auction, Inc. The trust deed provided for the then sheriff of Marion County, Missouri to execute the power of sale in the event of default and the named trustee's "absence, death, refusal to act, or disability," and at the request of the note holder.

Default was made on the note and trustee Tom B. Brown initiated foreclosure proceedings. The notice of sale stated trustee Tom B. Brown would conduct the foreclosure sale on a date certain at the Marion County Courthouse in Palmyra, Missouri.

Tom B. Brown was not present at the sale which was conducted by his son and law partner, David Brown. The bank bid in the property and thereafter Tom B. Brown executed a trustee's deed of the realty to the bank. The trustee's deed recited Tom B. Brown, trustee, conducted the sale. David Brown, as notary public, notarized the deed.

The bank brought suit for possession of the property and damages. The trial court denied defendant's motion to vacate and set aside the sale as void. The court ruled the sale and trustee's deed passed the title to plaintiff; further, that plaintiff was entitled to possession of the realty and damages.

The rule is well settled that "a trustee cannot delegate to an agent or any other third person his power to sell the trust property. Therefore, a sale of land by an agent of a trustee passes no title to the purchaser where there is nothing on the face of the trust instrument authorizing the trustee to appoint an agent to make the sale for him." 76 Am.Jur.2d Trusts section 444 (1975).

In his treatise on trusts and trustees, Bogart states that the "trustee must be

present throughout the sale, ready to guide and control the proceedings." He concludes: "It is improper for the trustee to attempt to delegate to anyone else the power to attend the sale and supervise its completion, and a sale conducted under such attempted delegation is generally held void." Bogart, The Law of Trusts and Trustees section 556 (2d ed. rev. 1980). For additional statements of the rule, *see* American Law Institute, Restatement of the Law, Trusts 2d section 171(g) (1959); and G. Osborne, Mortgages section 339 (2d ed. 1970).

In an early case in this jurisdiction, *Stine v. Wilkson*, 10 Mo. 75 (1846), the Court commented upon the principles governing mortgages and deeds of trust:

> A mortgage is a conveyance of an estate by a debtor to his creditor as a security for the payment of money, with a proviso that the conveyance shall be void on such payment. If payment be not made according to the terms of the deed, the creditor may file his petition against the mortgagor and those in possession of the mortgaged premises, praying that judgment may be rendered for his debt, and that the equity of redemption may be foreclosed, and the mortgaged property sold to satisfy the amount of said debt. A deed of trust is a conveyance of an estate by a debtor to a third person as a security for the payment of money to another, with a proviso that in the event of non-payment as stipulated in the deed, the trustee shall make sale of the estate and apply the proceeds to the payment of said debt.
>
> It will then be seen that the only material difference between a mortgage and a deed of trust, consists in the intervention of a *trustee, vested with the power to sell.* The trustee is regarded as agent for both debtor and creditor, and should stand indifferent between them, as it may not infrequently happen that questions of importance will arise in the discharge of his duties which will demand his impartial action....
>
> ... The trustee has, by the courts, been compared to a commissioner of a Court of Chancery, for a sale of lands

under its decree, having no greater powers, and having no other than those given by the decree. His sales are put upon the same footing of judicial sales. *If the powers conferred on the trustee are not strictly pursued, the sale will be set aside by a Court of Chancery.*

*Id.* at 93, 94. (Emphasis added.)

In *Thornburg v. Jones*, 36 Mo. 515 (1865), the Court observed that where the power of sale in a deed of trust has not been executed, or is not in accordance with essential conditions, the sale and the trustee's deed "will be held to be utterly *void*, both at law and in equity." *Id.* at 523 (Emphasis added).

In *Goode v. Comfort*, 39 Mo. 314, 325 (1866), the Court noted:

> Trustees are considered as agents of both parties—debtors and creditors—and their action in performing the duties of their trust should be conducted with the strongest impartiality and integrity. They are entrusted with the important function of transferring one man's property to another, and therefore both reason and justice will exact of them the most scrupulous fidelity.

Six years later the Court, speaking through the same author, Wagner, J., in *Graham v. King*, 50 Mo. 22 (1872), struck down as void a foreclosure sale under a deed of trust where the named trustee was not at the sale and the sale had been conducted by the trustee's son. In so doing, the Court laid down the rule which has been followed in Missouri throughout the years:

> The office and duties of a trustee are matters of *personal confidence*, and he must exercise a just and fair *discretion* in doing whatever is right for the best interests of the debtor. He must in *person supervise and watch over the sale, and adjourn it if necessary*, to prevent a sacrifice of the property and *no one can do it in his stead* unless empowered thereto in the instrument conferring the trust. *A trustee cannot delegate the trust or power of sale to a third person, and a sale executed by such delegated*

*agent is void.* (Perry Trusts, Section 779 and notes) *Id.* at 24. (Emphasis added.)

In case after case this settled principle of law affecting title to real estate has been considered by the courts of this state. The decisions have recognized that the named trustee in a deed of trust is a fiduciary—of the debtor and the creditor; that the trustee is vested not only with the power to sell the property but must exercise his discretion in so doing for the benefit of both parties. The power of sale given to the trustee is personal and cannot be transferred or delegated.

In *Bales v. Perry*, 51 Mo. 449 (1873), the Court applied the rule of *Graham v. King* concluding that a trustee cannot delegate any duty involving the exercise of discretion or judgment, unless the power is expressly conferred in the instrument. The manner of conducting a trustee's sale, noted the Court, is a discretionary power. Thus, the trustee's agent, had no power to sell the property and no title passed to the purchaser. *Id.* at 452.

Many other Missouri cases have upheld the principle established in *Graham.* See *Vail v. Jacobs*, 62 Mo. 130, 133 (1876) (absence of the trustee from the sale is fatal); *Landrum v. Union Bank of Missouri*, 63 Mo. 48, 55 (1876) (the trustee was absent from the sale which was thus held void); *Brickenkamp v. Rees*, 69 Mo. 426, 428 (1879) (trustee has a duty to be present during the crying of the sale); *Spurlock v. Sproule*, 72 Mo. 503, 508 (1880) (sale is not binding unless trustee is present); *City of St. Louis v. Priest*, 88 Mo. 612, 614 (1886) (trustee cannot delegate the power of sale to a third person unless expressly authorized to do so by the deed of trust); *Kelsay v. Farmers' and Traders' Bank*, 166 Mo. 157, 65 S.W. 1007, 1011 (1901) (trustee is required to be present at the sale, and another cannot be substituted in his stead); and *Polliham v. Reveley*, 181 Mo. 622, 81 S.W. 182, 185 (1904) (a foreclosure sale conducted by an unauthorized agent is void).

The last case to directly rule this issue was *Petring v. Kuhs*, 350 Mo. 1197, 171 S.W.2d 635 (1943). The Court held that "while the trustee need not actually cry the sale the rule in this state is that the trustee must be present during the crying of the sale, to observe the progress thereof, protect the interests of the parties concerned, to reject fraudulent bids made to frustrate the sale, and, if necessary, to adjourn the sale." Id. 171 S.W.2d at 637. If the trustee is not present at the sale, concluded the Court, the sale is void.

Later decisions also recognize the rule of the earlier cases. *Smith v. Equitable Life Assurance Society of the United States*, 448 S.W.2d 588 (Mo.1970) involved a mortgagor contending that the trustee was powerless to delegate his duties to another unless so authorized by the deed of trust. This Court concluded that the trustee could not delegate his powers and duties (one of which is to conduct the sale) to an agent under the terms of the deed of trust. *Id.* at 592. However, the Court found that the trustee had actually appointed an authorized successor trustee, not an agent.

In *Columbia Union National Bank & Trust v. Bundschu*, 641 S.W.2d 864, 877 (Mo.App.1982), the court held that "In a private trust [unless otherwise provided in the instrument of trust] the trustee may not delegate a discretionary duty to a co-trustee and such an exercise will be void as to the trust." *Bales v. Perry*, 51 Mo. at 452 concluded that the manner of conducting a trustee's sale is a discretionary power, and certainly, if a trustee cannot delegate a discretionary power to a co-trustee, he cannot delegate such a power to an unauthorized agent.

There continue to be good reasons for adhering to the rule requiring the trustee to be present during the conduct of the sale. First, the rule carries out the contractual rights of the parties. The exercise of a power of sale arises from the deed of trust and does not exist independently of the trust instrument. *Federal National Mortgage Association v. Howlett*, 521 S.W. 2d 428, 432 (Mo. Banc 1975); *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. Banc 1974). Here, the deed of trust empowered Tom B. Brown, the named trustee, or under

certain circumstances, the sheriff of Marion County, to sell the property upon default. David Brown was a stranger to the deed of trust and was wholly unauthorized to sell the property.

 Next, the foreclosure sale can require the exercise of discretion and the trustee is the only person authorized to exercise such discretion. "The law requires the trustee to exercise a sound discretion and to conduct the sale in the manner which would render the sale most beneficial to the debtor at the best possible price." *Roark v. Plaza Savings Association,* 570 S.W.2d 825, 829 (Mo.App.1978). In *Roark,* the court held that the trustee had discretion to require bidders to demonstrate that they could pay their bids in cash. See also *Vail v. Jacobs,* 62 Mo. 130, 133 (1876) (trustee is required to exercise his discretion to postpone a sale where the value of the property has greatly depreciated); and *Bales v. Perry,* 51 Mo. 449, 452 (1873) (trustee has discretion to decide whether to sell the property in parcels or in a lump).

Citizens Bank contends that under recent case law a foreclosure sale will be set aside only if a party was prejudiced by the way the sale was conducted. In support of this argument, Citizens cites *Graham v. Oliver,* 659 S.W.2d 601 (Mo.App. 1983); *Macon–Atlanta State Bank v. Gall,* 666 S.W.2d 934 (Mo.App.1984); and *Euge v. Golden,* 657 S.W.2d 689 (Mo.App.1983). These cases do not aid Citizens Bank because they do not address a purported sale by an unauthorized person. Here, it is not a question of procedural irregularities in a trustee's sale. This case, by contrast, involves a completely unauthorized sale conducted by an individual who was powerless to sell the property.

As the Court stated in *Bales v. Perry,* 51 Mo. 449, 452 (1873):

Whether in point of fact, the sale of the property was conducted in all respects judiciously or not, or in a manner most conducive to the interests of those concerned, are questions not involved in this case. This would be a legitimate inquiry in a proceeding to set aside a sale

made under the power conferred by the instrument.... Bouton had no power to sell the property, and ... such sale passed no title to the purchaser.

The sale conducted by David Brown is void because he had no power to sell the property and such sale passed no title to Citizens Bank. The judgment is reversed.

All concur.