EDWARD R. ARDINI, JR., JUDGE
This appeal involves the validity of a real estate foreclosure sale. The Wesleys, plaintiffs below, appeal judgments entered by the Circuit Court of Jackson County granting summary judgment in favor of the defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Kozeny & McCubbin, L.C. ("K&M"). Wells Fargo cross-appeals the denial of its request for attorneys' fees. For the reasons stated below, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND[1]
On May 21, 2004, Kenneth Wesley ("Kenneth")[2] borrowed $58,500 from Wells Fargo to purchase property located at 5417 Brooklyn Avenue in Kansas City, Missouri ("the Property"). Kenneth executed a promissory note ("the Note") in favor of Wells Fargo, and he and his wife, Quantessal, executed a Deed of Trust. The Deed of Trust named Alan South as Trustee and allowed Wells Fargo to remove the Trustee and appoint a Successor Trustee by recorded instrument.
On November 4, 2005, Kenneth entered into a Loan Modification Agreement with Wells Fargo, with the first payment due *439 on January 1, 2006. In July 2006, Wells Fargo sent Kenneth a demand letter after he had failed to make several payments on the Note. On August 21, 2006, Kenneth was notified that he was in default, that he owed $61,398.11, and that all payments under the Note were "accelerated and declared immediately due and payable."
In an Appointment of Successor Trustee dated August 9, 2006, Wells Fargo removed Alan South as Trustee and appointed K&M-a Missouri limited liability company-as Successor Trustee. The Appointment of Successor Trustee was recorded in the Jackson County Recorder's Office on September 6, 2006.
A foreclosure sale was held on September 22, 2006. K&M provided notice of the sale to the Wesleys, however they did not attend.[3] Andrea Fogarty ("Fogarty"), a K&M employee trained as a sales crier, appeared at the foreclosure sale. She publicly announced that she was crying the sale on behalf of K&M, Successor Trustee. She followed the written instructions and information provided by K&M for crying the Wesleys' foreclosure sale. Wells Fargo made a partial credit bid of approximately $49,000, and the Property was sold to Wells Fargo as the highest and best bidder.
On September 22, 2006, K&M issued a Successor Trustee's Deed stating that K&M had sold the Property to Wells Fargo at the foreclosure sale. The Successor Trustee's Deed was recorded in the Jackson County Recorder's Office on September 26, 2006.
Almost ten years later, on September 16, 2016, the Wesleys filed a single-count Petition against Wells Fargo, K&M, and Spruce St. Matthew Baptist Church ("the Church"),[4] which was subsequently replaced by a First Amended Petition. The Wesleys sought a judgment declaring that no valid foreclosure sale took place, that the Successor Trustee's Deed was void, and that Kenneth was the legal owner of the Property. The Wesleys alleged that the foreclosure sale and resulting Successor Trustee's Deed were void because the sale was not conducted by a member or manager of K&M. Wells Fargo and K&M answered by denying the allegations. Wells Fargo additionally filed a three-count counterclaim for Action on the Note (Count I), Declaratory Judgment (Count II), and Equitable Lien (Count III).
The Wesleys, Wells Fargo, and K&M filed cross-motions for summary judgment.[5] On December 8, 2017, the trial court granted the motions for summary judgment filed by Wells Fargo and K&M. The trial court concluded that the foreclosure sale was valid because K&M called the foreclosure sale through its duly appointed agent and employee, and the presence of a member or manager of K&M was not required to validate the sale. The trial court additionally found that K&M was not a proper party to the action because the Deed of Trust did not vest title in K&M, and the record failed to establish that K&M had any interest in the property. The trial court entered separate judgments, *440 one in favor of Wells Fargo and one in favor of K&M.
On December 12, 2017, the trial court issued an order denying the Wesleys' Motion for Summary Judgment to Set Aside Successor Trustee Deed and Declare Sale Void. The trial court found the Wesleys failed to establish they were entitled to judgment as a matter of law, and it repeated the conclusions of law it had made in the judgments entered in favor of Wells Fargo and K&M. On December 14, 2017, Wells Fargo voluntarily dismissed its counterclaims without prejudice.
Wells Fargo filed a Motion to Amend the Court's Judgment for the Limited Purpose of Expressly Awarding Wells Fargo's Attorneys' Fees or, in the Alternative, Motion for Attorneys' Fees ("Motion for Attorneys' Fees"). Wells Fargo sought $43,340.08 in attorneys' fees and $3,766.12 in costs for defending this action, arguing they were entitled to those fees and costs under the Deed of Trust.
On January 16, 2018, the Wesleys filed their notice of appeal. On January 22, 2018, Wells Fargo filed a notice of cross-appeal with respect to its Motion for Attorneys' Fees. On February 27, 2018, the trial court denied Wells Fargo's Motion for Attorneys' Fees based on the statute of limitations as well as other grounds contained in the Wesleys' opposition to the motion. Wells Fargo filed an amended notice of cross-appeal on March 13, 2018, and the appeals were consolidated.
Additional facts are set forth throughout the opinion as necessary.
JURISDICTION
Before addressing the merits of the appeals, we must determine our jurisdiction. Generally, this Court only has jurisdiction over appeals from final judgments. Neely v. Neely , 169 S.W.3d 577, 579 (Mo. App. W.D. 2005). A judgment is final when it disposes of all issues for all parties in the case and leaves nothing for future determination. First Cmty. Credit Union v. Levison , 395 S.W.3d 571, 576 (Mo. App. E.D. 2013). The content, substance, and effect of the judgment determines finality. Blechle v. Goodyear Tire & Rubber Co. , 28 S.W.3d 484, 486 (Mo. App. E.D. 2000) ; see also Dibben v. Shelter Ins. Co. , 261 S.W.3d 553, 555 (Mo. App. W.D. 2008) (the trial court judgment granting partial summary judgment was a final judgment because it resolved the only claim asserted in the petition). A "final judgment" may be the combined effect of several orders or judgments that, together, dispose of all issues as to all parties and leave nothing for further review. RLI Ins. Co. v. S. Union Co. , 341 S.W.3d 821, 828 (Mo. App. W.D. 2011).
The trial court issued two judgments: one in favor of Wells Fargo and against the Wesleys, and one in favor of K&M and against the Wesleys. The judgments stated that Wells Fargo and K&M were "entitled to judgment as a matter of law as to the claims set forth in Plaintiffs' First Amended Petition." Well Fargo's voluntary dismissal of its counterclaims disposed of the last issues remaining in the case, and left nothing for further review.[6]
Consequently, the trial court's judgments are final and we have jurisdiction to hear the appeal and cross-appeal.
*441 THE WESLEYS' APPEAL
The Wesleys appeal the judgments sustaining Wells Fargo's and K&M's motions for summary judgment.
Standard of Review
Whether a trial court properly granted summary judgment is a question of law that is reviewed de novo. Todd v. Mo. United Sch. Ins. Council , 223 S.W.3d 156, 160 (Mo. banc 2007). "Summary judgment is appropriate when a party establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. Where the facts purported to be in dispute are only differing opinions as to the legal effect of the facts, there is no dispute of material fact. Kinney v. Schneider Nat'l Carriers, Inc. , 213 S.W.3d 179, 183 (Mo. App. W.D. 2007). Here, the parties only dispute the legal effect of the facts; there is no genuine issue of material fact that precludes summary judgment.
Analysis
The Wesleys raise two points on appeal. First, the Wesleys argue the trial court erred in finding the foreclosure sale and resulting Successor Trustee's Deed were valid. The Wesleys assert that a limited liability company serving as a trustee cannot conduct a valid foreclosure sale through a non-member or non-manager employee as was done here. Second, the Wesleys argue that the trial court erred in finding K&M was not a proper party to this action.
The Validity of the Foreclosure Sale
"A limited liability company, like a corporation, is an artificial being, and as an entity it must act through an agent." Sutherland v. Sutherland , 348 S.W.3d 84, 92 (Mo. App. W.D. 2011) ; see also Naylor Senior Citizens Hous., LP v. Side Constr. Co., Inc. , 423 S.W.3d 238, 243 (Mo. banc 2014) (a corporation "must act in all its affairs through agents or representatives"). When an authorized agent of a corporation acts within the scope of her authority, her actions are those of the corporation itself. See Wandersee v. BP Prods. N. Am., Inc. , 263 S.W.3d 623, 629-30 (Mo. banc 2008) (citing New York Cent. & Hudson River R.R. Co. v. United States , 212 U.S. 481, 492-93, 29 S.Ct. 304, 53 L.Ed. 613 (1909) ); Harper v. Indianapolis & St. Louis R.R. Co. , 47 Mo. 567, 579-80 (1871) ("Corporations can only act through their agents, and when they delegate power to an agent, and he executes that power, it is the act of the corporation.").
A limited liability company may serve as trustee in a deed of trust. See § 443.350.[7] The role of the trustee is to attend the foreclosure sale and supervise its completion. See Citizens Bank of Edina v. W. Quincy Auto Auction, Inc. , 742 S.W.2d 161, 162-63 (Mo. banc 1987) (citing Bogert, The Law of Trusts and Trustees § 556 (rev. 1980) ); see also Petring v. Kuhs , 350 Mo. 1197, 171 S.W.2d 635, 637 (1943) ("While the trustee need not actually cry the sale the rule in this state is that the trustee must be present during the crying of the sale, to observe the progress thereof, protect the interests of the parties concerned, to reject fraudulent bids made to frustrate the sale, and, if necessary, to adjourn the sale."). Because a limited liability company must act through agents, Sutherland , 348 S.W.3d at 92, when such an entity acts as trustee, an authorized individual of the limited liability company must attend the foreclosure sale and supervise its completion.
*442 The undisputed facts show that Fogarty was a K&M employee, K&M authorized Fogarty to conduct foreclosure sales on its behalf, K&M requested Fogarty observe and call the Wesley foreclosure sale, Fogarty appeared at the Wesley foreclosure sale on behalf of K&M, and Fogarty supervised the completion of the sale. The Wesleys do not dispute that management of K&M was vested in its managers, and that K&M's Operating Agreement provided that a "Manager's authority shall include, without limitation, the authority to: ... Employ employees, supervisors, and other agents on behalf of the Company[.]" See § 347.177 (The law of agency applies to limited liability corporations). Based on these undisputed facts, K&M conducted a valid foreclosure sale through its authorized employee, Fogarty.
The Wesleys nevertheless contend that, as a matter of law, Fogarty could not conduct a valid foreclosure sale because a trustee, such as K&M, may not delegate its power to conduct the foreclosure sale to an agent, such as Fogarty. The Wesleys seek support for this proposition from Citizens Bank of Edina v. West Quincy Auto Auction, Inc. However, this reliance is misplaced because Citizens Bank involved an individual (as opposed to a business entity) trustee.
In Citizens Bank , the court voided a foreclosure sale because the named trustee-an individual-did not conduct the sale; the sale was instead conducted by the trustee's law partner. 742 S.W.2d at 162. The court ruled that "a trustee cannot delegate to an agent or any other third person his power to sell the trust property" and deemed the foreclosure sale void because it was conducted by a "stranger to the deed" who was not authorized to sell the property. Id. at 162, 165.
In contrast to the actions of the individual trustee in Citizens Bank , a business entity trustee performing its tasks through an authorized employee does not constitute a delegation of its power to sell the trust property. "The law has long recognized that the use of officers and employees is not delegation but rather action of the [corporate] trustee itself." Bogert, The Law of Trusts and Trustees § 555 (rev. 2018) ; see also Buffalo Trust Co. v. Producers' Exch. No. 148 , 23 S.W.2d 644, 647 (Mo. App. 1930).
[I]t is well to keep in mind the distinction between the acts of a natural person who may act through an agent, and the acts of a corporation which of necessity are accomplished through some "agency" which is inherent in the body corporate. Corporate functions must be performed through the instrumentality of some agency, but not necessarily by or through an agent; and when the company does not go outside its corporate capacity in doing an act, it is a confusion of terms to say that it is acting through an agent when the fact is it is acting through an agency, and in chief.
Buffalo Trust Co. , 23 S.W.2d at 647. In other words, K&M did not delegate its power of sale to a stranger to the deed; K&M instead exercised its power of sale through its authorized employee, Fogarty.[8]
*443 K&M conducted a valid foreclosure sale through a properly authorized employee, and the trial court did not err in granting summary judgment in favor of Wells Fargo and K&M. Point I of the Wesleys' appeal is denied.
Whether K&M Was a Proper Party
In their second point on appeal, the Wesleys argue that the "trial court erred in granting summary judgment to [K&M] when it found it was not a proper party[.]" The Wesleys' argument ignores that this was a secondary basis for granting summary judgment in favor of K&M. As previously explained, the trial court correctly determined that the foreclosure sale was properly conducted and the Successor Trustee's Deed issued as a result of that sale was valid, findings that independently support the trial court's entry of summary judgment for K&M. As a result, it is unnecessary for us to address the trial court's ancillary finding that K&M was not a proper party to this suit.
Point II is denied.
WELLS FARGO'S CROSS-APPEAL
Wells Fargo cross-appeals the trial court's order denying its Motion for Attorneys' Fees. Wells Fargo sought an award of attorneys' fees under sections 9 and 14 of the Deed of Trust against Kenneth and Quantessal jointly and severally. The Wesleys raised several objections to Wells Fargo's motion: (1) enforcement of any provision of the Deed of Trust was barred by the statute of limitations; (2) Quantessal was not obligated to pay any sums secured by the Deed of Trust, including any attorneys' fees, because she did not sign the Note and was not an owner of the Property; (3) Wells Fargo's attempt to seek attorneys' fees from Quantessal violated Revised Regulation B of the Equal Credit Opportunity Act; (4) portions of the attorneys' fees and costs claimed by Wells Fargo were related to Wells Fargo's counter-claims, which Wells Fargo voluntarily dismissed; (5) the amount of attorneys' fees claimed was not reasonable; and (6) the Wesleys' cause of action did not jeopardize Wells Fargo's interests in the Property, rendering the Deed of Trust provisions pertaining to attorneys' fees inapplicable in this case. The trial court denied Wells Fargo's motion based on the arguments raised by the Wesleys in their opposition, including a finding that enforcement of the provisions for attorneys' fees in the Deed of Trust was barred by the applicable statute of limitations.[9]
Wells Fargo raises a single point on appeal challenging the trial court's ruling. We decline to consider the merits of Wells Fargo's appeal, however, because of deficiencies in Wells Fargo's Point Relied On and Wells Fargo's failure to address all grounds upon which the trial court based its ruling.
Under Rule 84.04(d), a point relied on shall: (1) identify the challenged ruling; (2) concisely state the legal reasons for the claim of error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the *444 claim of error. See also Smith v. City of St. Louis , 395 S.W.3d 20, 28 (Mo. banc 2013). "Points on appeal that fail to comply with Rule 84.04(d) present nothing for review." Beeler v. Beeler , 26 S.W.3d 610, 613 (Mo. App. S.D. 2000).
Wells Fargo's Point Relied On states:
The Circuit Court erred in its ruling denying Wells Fargo's Motion to Amend the Judgment for the Limited Purpose of Awarding Wells Fargo Its Attorneys' Fees and Costs Under the Deed of Trust or, in the Alternative, Wells Fargo's Motion for Attorneys' Fees, because the plain language of the Deed of Trust (including sections 9 and 14) requires the Circuit Court to award Wells Fargo its attorneys' fees and costs incurred in this action in that the record demonstrates that Wells Fargo incurred attorneys' fees and costs in the underlying action to protect the bank's interest in the subject property and its rights under the security instrument.
The Point Relied On summarily asserts that Wells Fargo was entitled to an award of its attorneys' fees and costs under the "plain language of the Deed of Trust" because they were incurred protecting its interest in the Property and its rights under the security instrument. The Point Relied On fails to reference "the legal reasons for the claim of error" or "explain in summary fashion why, in the context of the case, those legal reasons support the claim of error." For example, the trial court discussed extensively in its order denying Wells Fargo's motion that the statute of limitations barred enforcement of the cost-shifting provision in the Deed of Trust. The Point Relied On, however, fails to mention this basis or "explain in summary fashion" why the trial court's conclusion was in error.[10]
Our finding that Wells Fargo's Point Relied On does not comply with Rule 84.04(d) would alone be sufficient for declining to review the merits of this cross-appeal. See Thummel v. King , 570 S.W.2d 679, 686 (Mo. banc 1978) (the requirements related to Points Relied On are "not simply a judicial word game or a matter of hypertechnicality"); see also Beeler , 26 S.W.3d at 613 (declining to review points that failed to comply with Rule 84.04(d)). However, the deficiencies in the Point Relied On are symptomatic of another issue in Wells Fargo's appeal: Wells Fargo's failure to challenge all independent grounds for the trial court's denial of its request for attorneys' fees.
It is Wells Fargo's burden "to demonstrate that the trial court's judgment was incorrect on any basis supported by the record and the applicable law." STRCUE, Inc. v. Potts , 386 S.W.3d 214, 219 (Mo. App. W.D. 2012). Thus, to achieve a reversal, Wells Fargo must "establish that all of the reasons that the circuit court articulated in its judgment were wrong." City of Peculiar v. Hunt Martin Materials, LLC , 274 S.W.3d 588, 591 (Mo. App. W.D. 2009).
As previously stated, the trial court denied Wells Fargo's Motion for Attorneys' Fees on multiple grounds. These included, for example, that attorneys' fees and costs were not recoverable from Quantessal under the Deed of Trust because she was not a co-signor of the Note and because recovery of such fees was barred under Revised Regulation B of the Equal *445 Opportunity Credit Act. The argument section of Wells Fargo's opening brief completely ignores these and other bases for the trial court's ruling.[11] Compliance with Rule 84.04 is required to ensure that appellate courts do not become advocates by speculating on arguments that have not been made. Powell v. Powell , 250 S.W.3d 831, 832 (Mo. App. W.D. 2008). By failing to challenge all grounds relied upon by the trial court, Wells Fargo has not carried its burden and cannot prevail in its appeal.[12]
Point denied.
CONCLUSION
The judgments and order of the trial court are affirmed.
All concur.

These facts are not disputed by the parties.

The use of first names is for ease of reference; no familiarity or disrespect is intended.

The sufficiency of the notice is not disputed.

The Wesleys alleged that the Church was the current record owner of the Property and that it "may claim an ownership interest." The Wesleys alleged no other facts regarding the Church or the transfer of the Property to the Church.

The Wesleys filed two motions: a Motion for Summary Judgment to Set Aside Successor Trustee Deed and Declare Sale Void, and a Motion for Summary Judgment as to Wells Fargo Bank, NA's Counterclaim Count I: Action on Note. Wells Fargo and K&M filed separate motions for summary judgment directed at the Wesleys' First Amended Petition.

The trial court's judgments also disposed of all claims asserted against the Church, although the Church was not specifically referenced in the judgments. The trial court found that the foreclosure sale of the Property to Wells Fargo was valid and that Kenneth was not the owner of the Property, resolving the Wesleys' claim against the Church that Kenneth-not the Church-was the legal owner of the Property. As a result, the judgments and dismissal order resolved all issues regarding all parties, including the Church.

All statutory references are to the Revised Statutes of Missouri 2000.

The Court could find no Missouri case specifically addressing whether a limited liability company trustee may conduct a valid foreclosure sale through its non-member or non-manager employee, but our decision here is consistent with Missouri law as stated above and general foreclosure practice. See Loeb v. Dowling , 349 Mo. 674, 162 S.W.2d 875, 876-78 (Mo. 1942) (decided on other grounds, but upholding the validity of foreclosure sale and resulting trustee's deed in a case where the trustee was a corporation and the foreclosure sale was conducted by "an employee and agent" of the corporation); see also 38 Stephen Max Todd, Missouri Practice Series: Missouri Foreclosure Manual § 2:13 (rev. 2017) (Business entities, including limited liability companies, are permitted to serve as trustees in deeds of trust, and the sale may be conducted "by any partner, officer, member or agent of the entity authorized to do so.").

In denying Wells Fargo's Motion for Attorneys' Fees, the trial court primarily discussed that the statute of limitations barred enforcement of the Deed of Trust's cost-shifting provisions. However, that was not the only basis for the trial court's ruling. The trial court additionally noted that it was denying Wells Fargo's Motion for Attorneys' Fees for the reasons "contained in the [Wesleys'] pleadings." In other words, the trial court adopted the Wesleys' objections set forth in their opposition to the Motion for Attorneys' Fees as additional grounds for its ruling.

Although Wells Fargo addresses the statute of limitations issue in the argument section of its brief, this ground must be included in the Point Relied On to properly preserve this claim of error. See Rule 84.04(e) (the argument is limited to those errors included in the Point Relied On); The Schumacher Grp., Ltd. v. Schumacher , 474 S.W.3d 615, 624 n.11 (Mo. App. W.D. 2015) (an argument that exceeds the scope of the Point Relied On preserves nothing for review).

Wells Fargo argued for the first time in its reply brief that attorneys' fees and costs are recoverable from Quantessal because she signed the Deed of Trust. By failing to raise this argument in its opening brief, it is not preserved. See Cowin v. Shelter Mut. Ins. Co. , 460 S.W.3d 76, 81 n.1 (Mo. App. W.D. 2015) ("issues not raised by appellants in their opening brief cannot be raised for the first time in the reply brief and are not properly preserved"). Moreover, Wells Fargo never addressed the argument that Revised Regulation B of the Equal Opportunity Credit Act barred recovery from Quantessal.

Wells Fargo also filed a motion for attorneys' fees with this Court which was taken with the case. This motion is denied.